Oma Faye BOOSE, Plaintiff in Error,

v.

J. H. Jim HANLIN, Defendant in Error.

No. 38398.

Supreme Court of Oklahoma.

Sept. 22, 1959.

Rehearing Denied Nov. 17, 1959.

Application for Leave to File Second
Petition for Rehearing Denied
Dec. 8, 1959.

Milton W. Hardy, of Hardy & Hardy, Tulsa, for plaintiff in error.

A. E. Montgomery, Tulsa, for defendant in error.

BLACKBIRD, Justice.

The parties to this appeal on original record appear in the same order that they did in the trial court and will be referred to by their trial court designations.

By the judgment appealed from, defendant's demurrer to plaintiff's petition, as amended, was sustained, and the action was dismissed upon plaintiff's election to stand on her pleadings. The question involved, as well as the court's ruling thereon and reason therefor, is indicated by specific recitals in the journal entry of said judgment, as follows:

"Counsel for plaintiff contended that plaintiff's petition, as amended, constituted an action for tortiously interfering with plaintiff's right to dispose of her labor, by reason of which the two year statute of limitations, applicable to torts, applied, and that the one year statute of limitations, applicable to actions for slander, as provided by paragraph 4, Section 95, 12 Okla.Stat. Ann. did not apply to plaintiff's petition as amended, as contended for by defendant, and the court being fully advised in the premises, and upon consideration thereof:

\* \* \* \* \*

"\* \* \* it is ordered, by the court that the demurrer of defendant to said plaintiff's petition as amended should be sustained for the reason that plaintiff's action is for slander, and the said 1 year statute of limitations applies thereto, and plaintiff's action is barred thereby, \* \* \*".

The allegations of plaintiff's petition, together with material amendments thereto, are as follows:

"1. Oma Faye Boose, plaintiff for action against the defendant, J. H. (Jim) Hanlin, alleges and states:

"2. On or about June 15, 1955, in the City of Tulsa, Oklahoma, Jim Hanlin, defendant, in a certain discourse and conversation with one Simmons, personnel manager of all retails stores of S. G. Holmes & Sons, maliciously spoke, uttered and published of and concerning Oma Faye Boose, plaintiff, an employee of S. G. Holmes & Sons, certain slanderous, false, malicious, scandalous and defamatory words, in words in substance as follows: 'Her absence for sickness is false, she is not as sick as she says she is, she is acting, she just isn't that sick, she is faking and malingering,' said words so maliciously and slanderously spoken of and concerning Oma Faye Boose by J. H. (Jim) Hanlin tended to blacken the honesty, virtue, integrity, morality and reputation of plaintiff, to expose her to public contempt and to lower the public opinion of her, and to injure and damage her in her business and reputation, as a saleslady and as a woman.

"3. The words so spoken by defendant were and are utterly false, malicious and slanderous.

"4. By reason of defendant's wrong in speaking and publishing the false, malicious and slanderous words and statements, and as the direct and proximate result thereof, the said Simmons, discharged this plaintiff without notice, and while she was in the hos-

pital, from her employment as saleslady where she had been satisfactorily and continuously employed for about eighteen months earning an average of $48.00 per week, and plaintiff was thereafter unable to procure employment in the same or similar business in the same locality, plaintiff was injured in her good name and reputation, was exposed to public contempt and ridicule, and a lowering of opinion of her and her character, suspicion and ridicule, she was unable to secure any kind of permanent employment for a period of fourteen months, and unable at all time subsequently to procure or secure any employment in the same or similar business in Tulsa County, Oklahoma, to her damage and injury in the amount of $10,000.00, both actual and punitive.

"Wherefore premises considered, plaintiff prays judgment against the defendant in the amount of $10,000.00 and all further general relief and the costs of this action.

\*　　\*　　\*　　\*　　\*

"Plaintiff did not learn of such slanderous utterances and words of the defendant, and which remarks and words were secreted and withheld from her by the defendant, or any one else, until on or about February, 1957.

\*　　\*　　\*　　\*　　\*　　\*

"Plaintiff alleges that the false deceitful malicious, defamatory words spoken of her by defendant as alleged were deceitfully secreted and withheld from her by defendant or anyone else with knowledge thereof, of whom plaintiff had no information, until February 20, 1957 where during the trial of her action for breach of contract, she first discovered the cause of her discharge and cause of interference with her contract of employment and subsequent efforts to obtain employment, as alleged in her petition, was the malicious defamatory remarks of said J. H. Jim Hanlin, which said

remarks were the proximate cause of her injury and damage."

Plaintiff asserts that the trial court erred in regarding the above quoted petition, and its amendments, as pleadings in a slander action; and she says that in a slander action the wrong to the plaintiff consists of the slanderous words themselves, while here, the wrong to her was defendant's malicious interference with her employment rights, and defendant's false and unjustified report about her was merely the means by which he inflicted this wrong.

Defendant, in his attempts to show that plaintiff's pleadings state a cause of action for slander, rather than for interference with plaintiff's employment rights, cites Tit. 12 O.S.1951 §§ 303 and 1444, concerning libel and slander actions. His attempts to demonstrate by reference to statutes and to forms for libel petitions in Kleinschmidt & Highley's Oklahoma Form Book, Seventh and Eighth Editions, lose most of their effectiveness, however, when it is remembered that under our statutory definitions of libel and slander (Tit. 12 O.S. 1951 §§ 1441 and 1442), they may include unprivileged publications causing a person detriment in his trade or occupation (as well as degradation in the opinion of his fellow man); and notice is taken of the marked similarity in petitions suggested by at least one form book publisher for stating such a cause of action and those for stating what is referred to merely as "tort", or common law, causes of action for interference with employment or with the relation of master and servant and securing the discharge of an employee. See and compare Am.Jur., Pleading & Practice, Annotated, Vol. 11, secs. 11:1077 and 11:1078, and Vol. 13, secs. 13:78 and 13:81. In this connection, notice also Am.Jur., Vol. 30, "Interference", secs. 13 et seq., and secs. 38, et seq., Vol. 31, sec. 144.

Defendant's principal brief includes expressions from courts of other jurisdictions as to what should be alleged in stating a cause of action such as plaintiff contends hers is, and to the effect that one of the elements of such a cause is the defendant's

knowledge of the existence of plaintiff's employment contract at the time he induces plaintiff's employer to break it. Defendant then requests examination of plaintiff's pleading in this case "because it contains nothing respecting any existing contract of plaintiff, or that defendant knew of such contract, or intended to interfere therewith; or that the slanderous words were uttered to produce plaintiff's discharge." We do not entirely agree with defense counsel's said appraisal, or analysis, of plaintiff's pleading. We think there are enough necessary inferences from the wording of said pleading that our decision as to the nature of the action cannot be controlled by specific wording or allegations absent therefrom. In other words, we feel this issue is determined more by the import of the allegations contained in the pleading than by the particularity, exactness or ineptness with which they are stated.

■ We do not agree with defendant's apparent views that the petition's quotation of the defamatory words alleged to have caused her discharge from employment, in and of itself, makes of her cause of action, one for slander. It is the substance of the pleading that determines its character and not the name she may give it. Under the liberal rules of pleading in effect under our Code, we find, in none of the arguments presented by defendant, any serious obstacle to plaintiff's action being regarded as one for interference with her employment rights.

■ We therefore conclude that the trial court erred in considering her action as one for slander only, and applying to it the one-year limitation period prescribed by statute for such actions, rather than the two-year period. As an example of the latter's application, notice Neff v. Willmott, Roberts & Looney, 170 Okl. 460, 41 P.2d 86.

■ In reaching this decision, we are not passing upon any other aspect of the pleading's adequacy, or following the appellate rule of affirming the trial court's judgment if defendant's demurrer should have been sustained on any other ground;

but have followed the precedent of Hildebrand v. Harrison, Okl., 325 P.2d 1071, 1074, in deciding the only question considered by the trial court, as unequivocally shown in the journal entry of its judgment.

In accord with the foregoing, the judgment appealed from is hereby reversed and the within cause is remanded to the trial court to vacate same and proceed in a manner not inconsistent herewith, to determine issues other than the one here determined, that may be now or later joined in the pending action.