**Troy AISHMAN, Petitioner,**

**v.**

**The Honorable John F. TAYLOR, Special District Judge of Comanche County, Oklahoma, Respondent.**

**No. 46832.**

Supreme Court of Oklahoma.

Oct. 30, 1973.

Githen K. Rhoads, Rhoads & Johnson, Lawton, for petitioner.

W. Wayne Moss, Lawton, for respondent.

SIMMS, Justice:

This is an action to prohibit the respondent judge from enforcing a judgment the petitioner, defendant in the trial court, claims was improperly entered.

On May 15, 1972, J. C. Jones filed suit in the District Court of Comanche County against Troy Aishman, dba Troy's Auto Salvage. The summons issued set the answer date as thirty days from date of service. On June 8, 1972, before the answer date had expired, plaintiff took a default judgment, showing nonappearance by petitioner. Petitioner, unaware that judgment had been taken against him, filed his entry of appearance and reservation of time to plead on June 15, 1972.

On January 8, 1973, plaintiff filed a second Motion for Default Judgment, which was set for hearing on January 18, 1973. On that date, default judgment was rendered by the court showing "both parties appeared personally, and by their respective attorneys." Petitioner denies having received notice or having appeared.

On April 26, 1973, the plaintiff's attorney issued a motion for petitioner to appear and answer as to assets. Petitioner failed to appear, and the court issued a bench warrant.

The court overruled petitioner's motion to set aside the January 18th judgment. Respondent then set aside the June 8, 1972, judgment and found the January 18th judgment valid.

The defendant seeks to prohibit the respondent judge from enforcing the second judgment.

The issue is: If a judgment is entered before the time for filing an answer has expired, can the judgment be disregarded and another judgment validly entered?

Orr v. Johnson, 194 Okl. 287, 149 P.2d 993 (1944) is dispositive of the issue in this case. We stated in the syllabus:

"A judgment rendered before the time has expired during which the defendant is required to answer is not, for that reason, void, but is only irregular and voidable, and will be upheld unless attacked at the time and in the manner provided by law."

We therefore hold, by authority of *Orr, supra,* that the first judgment was not void but voidable. Because there was no compliance with 12 O.S.1971, §§ 1031.1, 1032, or 1033, the trial court's purported vacation of the June 8th judgment is a nullity. Moreover, there can be only one judgment in an action, and that judgment, unless it is void, as distinguished from voidable, will stand until vacated, modified, or reversed. Merely entering a second judgment cannot, per se, vacate a prior judgment in the same action. J. A. Tobin Construction Co. v. Grandview Bank, Okl., 424 P.2d 81 (1966).

The second judgment is a nullity and the respondent is prohibited from conducting further proceedings or taking further action to enforce the second judgment.

Original Jurisdiction Assumed. Writ of Prohibition Granted.

DAVISON, C. J., WILLIAMS, V. C. J., and IRWIN, BERRY, LAVENDER, BARNES and DOOLIN, JJ., concur.