603 P.2d 758 (1979)
Nereida S. ISBELL, Appellant,
v.
STATE of Oklahoma ex rel. The RETIREMENT AND PENSION BOARD OF the DEPARTMENT OF PUBLIC SAFETY of the State of Oklahoma, Appellee.
No. 49966.
Supreme Court of Oklahoma.
November 20, 1979.
James F. Fellingham, Anderson, Bonham, Brogden & Fellingham, Oklahoma City, for appellant.
Larry Derryberry, Atty. Gen., Robert L. McDonald, Joe H. Enos, Asst. Attys. Gen., Janet Cox and Timothy S. Frets, Legal Interns, Oklahoma City, for appellee.
*759 BARNES, Justice:
In this case, we are called upon to determine the correctness of the trial court's dismissal of an action as not having been filed within the time allowed by law.
The action in the trial court was an appeal from a final order of The Retirement and Pension Board of the Department of Public Safety of the State of Oklahoma. The final order of the Board was rendered on September 4, 1973.
The appeal from that order was filed on November 2nd of the same year, more than thirty days after the issuance of the Board's final order. As the appeal in the trial court progressed, the Board filed a motion to dismiss for the reason that the petition for review had not been filed within thirty days after the petitioner was notified of the order. The trial court sustained that motion and the plaintiff, Ms. Isbell, appeals from that order of dismissal.
The sole question presented on appeal is whether the appeal from the Board's order to the District Court was timely filed.
Title 47 O.S. 1971, § 2-309, dealing specifically with appeals from orders of The Retirement and Pension Board of the Department of Public Safety, provided in part that:
"Any person aggrieved by any action of the Retirement and Pension Board may appeal to the District Court in and for Oklahoma County, Oklahoma, by filing in the office of the court clerk of said county, within sixty days after the signing and filing of the Board's written decision or order in the matter, a petition setting forth such order or decision and the grounds upon which such appeal is taken, together with a true and complete transcript of the proceedings before the Board ... ." [Emphasis added]
While the above quoted statute provided for a sixty day filing period, portions of 75 O.S. 1971, § 318(2), part of this State's Administrative Procedures Act, provide for a thirty day filing period:
"... In all other instances, proceedings for review shall be instituted by filing a petition, in the district court of the county in which the party seeking review resides or at the option of such *760 party where the property affected is situated, within thirty (30) days after the appellant is notified of the order as provided in Section 312 of this title. .." [Emphasis added]
In Trask v. Johnson, Okl., 452 P.2d 575 (1969), in determining whether a party appealing from an order of the Alcoholic Beverage Control Board was entitled to a trial de novo in the District Court upon appeal, this Court held that although the provisions of a statute dealing specifically with appeals from the Alcoholic Beverage Control Board provided for trial de novo, the newly enacted State Administrative Procedures Act controlled, as it was the intent, purpose, and object of the Legislature in enacting the Procedures Act to provide a "uniform system of regulations concerning administrative procedures in and before, and judicial review of actions of, all state boards, commissions, departments, authorities, bureaus, and officers authorized by the Constitution or statutes to make `rules' or to formulate `orders' [as those terms are defined and used in the Act] other than those specifically excepted, by provisions of the act, from operation thereof."
In so holding, we took note of Section 27 of the Administrative Procedures Act, which expressly provides that, "All laws or parts of laws in conflict herewith are hereby repealed to the extent of such conflict." In interpreting this general repealer provision, we held that:
"... So, although Section 27 of the Administrative Procedures Act does not mention, specifically, any such prior act or statute [acts or statutes dealing with procedures before one government agency], it must be construed  in order to have any meaning at all  as evidencing a legislative intent to repeal, or render inoperative, all provisions of all of such single-agency laws which are in conflict with the provisions of the Administrative Procedures Act." [Bracketed information added]
Thus, in Trask, in determining what type of appeal a party appealing from an agency or board under the Act should be afforded, we held that the provisions of the Administrative Procedures Act controlled.
Today, we are faced with a slightly different question, that is, whether a citizen shall be afforded an appeal at all, or whether she has lost her right to appeal by relying upon a specific statute, still on the books, which affords an appeal if lodged within sixty days.
In determining this question, we once again embrace the rationale and holding of Trask, that the intent of the Legislature was to make inoperative all procedural laws, even though more specific, which conflicted with the Administrative Procedures Act. We further hold that such intent is applicable not only to sections of the Administrative Procedures Act, which provide which types of hearing are afforded, but also applies to filing periods set forth in the Administrative Procedures Act. Accordingly, we hold that the thirty day provision in the Administrative Procedures Act is controlling. However, because we have not heretofore held that inconsistent filing times are made inoperative by virtue of the Administrative Procedures Act, we make our holding today a prospective one, and, in so doing, hold that the appeal of the plaintiff below, Ms. Isbell, to the District Court was timely filed, and that the trial court erred in dismissing her appeal.
For these reasons, we reverse the action of the trial court and remand the case to that court for further proceedings.
REVERSED AND REMANDED.
LAVENDER, C.J., IRWIN, V.C.J., and WILLIAMS, HODGES, SIMMS, DOOLIN and HARGRAVE, JJ., concur.
OPALA, J., concurs specially.
OPALA, Justice, concurring specially:
When prospective application is given by this court to its decisions on novel points of statutory appellate procedure on which there is no extant case law exposition, obscure legislative enactments are kept from becoming a veritable trap for the unwary. Ever since Poafpybitty v. Skelly Oil Company, *761 Okl., 394 P.2d 515, 520 [1964], many an appellant, surprised by some ill-detectable change in law, may have found much needed shield of protection in this court's prospective application of a novel rule. I am absolutely committed to the philosophy so expressed by the court in Poafpybitty. My concern is for a consistent, undeviating and even-handed application of this beneficent policy to all appellants who may be caught in the trap of a sudden and not-so-readily detectable change.