**Duane Harold MILLER, Appellee,**

v.

**Sharon Ann MILLER, Appellant.**

**No. 58107.**

Supreme Court of Oklahoma.

June 7, 1983.

---

Turner, Turner, Green & Braun by Kenneth W. Turner, Oklahoma City, for appellee.

Miskovsky, Sullivan & Gregg by Carroll E. Gregg, Oklahoma City, for appellant.

HODGES, Justice.

The issue presented is the effect of a clerk's minute entered on the appearance docket in the absence of a supporting journal entry or any evidence or allegation that judgment was pronounced by the court.

When Sharon Ann Miller (appellant) and Duane Harold Miller (appellee) were divorced, October 17, 1976, he was ordered to pay $9,000.00 as property division. He became delinquent in his payments and on June 28, 1978, the appellant filed a motion to reduce the alimony arreage of $7,950.00 to judgment. October 5, 1978, appellant and appellee appeared with counsel to litigate the matter. Prior to trial, the parties negotiated and agreed to settle the claim. Notice was given to the court of their agreement, and a court minute was entered upon the docket sheet stating: "Judgment to the defendant in the amount of $3,000.00 secured by a mortgage on the home as per J.E." Neither party prepared any further memorialization of the agreement, nor was a journal entry ever submitted or signed by the court.[1] The record of the court clerk is silent concerning whether the minute was made by the judge, or by the court clerk; nor can one decipher whether the minute was entered by agreement of counsel and the parties. The parties are united in the

---

1. A journal entry incorporating the court minute was filed March 2, 1982.

fact that the minute was agreed, but there is no allegation that there was a judicial pronouncement by the court.

The matter lay dormant until August 15, 1981, when the wife again sought to reduce her alimony arrearage to judgment. At this time the matter was assigned to another judge. The appellant's motion for an evidentiary hearing was denied and the court held that the court minute was conclusive proof of the existence of the judgment. The appellant contends that the trial court erred in denying her challenge to the existence of a judgment, and that entry of a court minute without a prior judicial pronouncement is ineffective. We agree.

I

Generally, a valid consent judgment is acknowledged to be res judicata precluding relitigation of the same claim because the cause of action is merged in the judgment.[2] The problem in this case is that there is no evidence, nor does the appellee allege that the agreement of the parties was ever sanctioned by the court.

Entry of a written memorial upon the court's journal is not essential to the validity of the judgment,[3] and failure promptly to file a journal entry of judgment does not render a judgment void.[4] The validity of a judgment does not depend on the formal signature of the trial judge on the journal entry.[5] Statutory provisions regarding the mode and sufficiency of rendering judgments are controlling.[6] A judgment is rendered and exists as such when it is pronounced from the bench and before it has been reduced to writing and entered by the clerk. A judgment is a final determination of the rights of the parties.[7] In cases tried without a jury the pronouncement by the court from the bench is its judgment if it is in a form which indicates a present intent to adjudicate the pending matter.[8]

The rendition of a judgment is the judicial act of the court. An entry in writing on the minutes of the proceedings of the court does not in itself constitute a judgment; this is a ministerial act.[9] The clerk can only enter the judgment announced by the court. A judgment entered without previous judicial action by the court is void.[10] A recital in the clerk's minutes that "the court renders judgment for the defendants per journal entry to be filed" does not constitute a judgment where the trial court's judgment does not appear in the record.[11]

We, therefore, remand the cause for an evidentiary hearing to determine if judgment was pronounced by the court.

REVERSED AND REMANDED.

SIMMS, V.C.J., and IRWIN, LAVENDER, HARGRAVE, OPALA, WILSON, JJ., concur.

2. See "Modern View Of State Courts As To Whether Consent Judgment Is Entitled To Res Judicata Or Collateral Estoppel Effect," 91 A.L.R.3d 1170, 1176–77 (1979) for cited cases.

3. *McCullough v. Safeway Stores, Inc.,* 626 P.2d 1332 (Okl.1981).

4. *Kolp v. State ex rel. Com'rs. of Land Office,* 312 P.2d 483, 487 (Okl.1957).

5. *Austin v. King,* 404 P.2d 1009, 1014 (Okl. 1965).

6. Title 12 O.S.1981, Ch. 15, App. 2, Rule 1.11 provides in pertinent part:
   "... if the case is tried to the court, judgment is deemed rendered when its terms are completely pronounced by the judge and clearly resolve all the issues in controversy...."

7. Title 12 O.S.1981 § 681 provides:
   "A judgment is the final determination of the rights of the parties in an action."

8. *Shaw v. Sturgeon,* 304 P.2d 341, 343 (Okl. 1956).

9. *Maroney v. Tannehill,* 90 Okl. 224, 215 P. 938, 941 (1923).

10. *City of Clinton ex rel. Richardson v. Cornell,* 191 Okl. 600, 132 P.2d 340, 341 (1942).

11. *Bobo v. Bigbee,* 548 P.2d 224, 226 (Okl. 1976); *News Dispatch Printing & Audit Co. v. Bd. of Com'rs. of Carter Co.,* 132 Okl. 216, 270 P. 2 (1928).