Stephen L. MANNING,
Plaintiff–Appellee,

v.

STATE of Oklahoma ex rel. DEPART-
MENT OF PUBLIC SAFETY, De-
fendant–Appellant.

No. 81234.

Supreme Court of Oklahoma.

June 7, 1994.

As Corrected June 13, 1994.

Jose Gonzalez, Purcell, for appellee.

Lisa McLaughlin–Molinsky, Oklahoma City, for appellant.

OPALA, Justice.

The question presented for our decision today is whether a trial judge's directive that a party's counsel prepare a journal entry extends appeal time's commencement until that memorial's filing, even though the record contains an *earlier-filed, judge-signed writing terminating the proceeding and clearly indicating the relief afforded.* We answer in the negative. When judgment is pronounced with all the parties present, appeal time commences as soon as a judge-signed memorial which clearly shows the relief afforded is filed.[1] Because we clarify a point of appellate procedure that until now may have been obscure and hence presented a trap for the unwary, we allow this appeal to stand by giving today's pronouncement prospective effect in accordance with the teachings of *Poafpybitty v. Skelly Oil Company,* Okl., 394 P.2d 515, 520 (1964).[2]

## I.

### THE ANATOMY OF LITIGATION

All the parties were present when the trial judge in this case reversed on appeal an administrative hearing officer's revocation of

---

1. *When no issues have been reserved or taken under advisement, record entry of judgment in a proceeding tried to the court is effected by a judge-signed written memorial specifying the relief afforded, which is filed in the case and entered upon the court's journal.* 12 O.S.1991 § 24; *McCullough v. Safeway Stores, Inc.,* Okl., 626 P.2d 1332, 1335 n. 8 (1981). The pertinent terms of § 24 are:

   *"Upon the journal record* required to be kept by the clerk of the district court in civil cases ...

*shall be entered* copies of the following instruments on file:"
" * * *
"2. *All instruments filed in the case that bear the signature of the judge and specify clearly the relief granted or order made."* [Emphasis supplied.]

2. For an explanation of prospective application given to *obscure changes* in appellate procedure, *see infra* note 40; *see also* more recent decisions cited *infra* note 41.

the plaintiff-appellee's [driver's] license.[3] No issues were reserved or taken under advisement. The trial judge memorialized his ruling in longhand upon a form which had been printed and bore the label "court minute," signed the writing[4] and then *handed a copy to each party present in court. Filing and entry upon the judgment roll must be assumed to have followed de cursu[5] this terminal writing of January 13, 1993.*[6] Before the parties left the courtroom, the trial judge directed that plaintiff's counsel prepare a journal entry. The latter instrument, *containing the same terms as the trial judge's earlier handwritten memorialization,* was filed on *February 5, 1993.*

This appeal was brought by defendant-appellant [the Department of Public Safety or Department] on March 8, 1993, *less* than thirty days *after* the February 5 plaintiff-prepared journal entry was filed but *more* than thirty days after the earlier judge-signed memorialization of the decision below was filed on January 13. The driver seeks this appeal's dismissal as *untimely.*[7] The Department's counsel urges that (a) she did *not know* the January 13 writing had been *filed* until after this appeal was commenced and (b) the trial judge's directive to counsel that a journal entry be prepared effectively postponed appeal time until February 5.

## II.

## AN INSTRUMENT'S MEANING AND EFFECT DEPEND UPON ITS CONTENT AND SUBSTANCE RATHER THAN UPON ITS FORM OR TITLE [8]

3. The driver appealed to the District Court, McClain County, from an administrative hearing officer's revocation of his license for failing a breath test prescribed by the implied consent law. 47 O.S.1991 §§ 751 *et seq.* The pertinent terms of § 751 are:

> "Any person who operates a motor vehicle upon the public roads, ... within this state shall be *deemed to have given consent* to a test or tests of such person's blood *or breath,* for the *purpose of determining the alcohol concentration* ... if arrested for any offense arising out of acts alleged to have been committed while the person was operating or in actual physical control of a motor vehicle upon the public roads...." [Emphasis supplied.]

In driver's license revocation proceedings appeals to the district court are heard *de novo.* 47 O.S.1991 § 6–211. The pertinent terms of § 6–211 are:

> "Any person ... whose license has been ... revoked by the Department ... shall have the right to file a petition in the district court.... [I]n case of an appeal from a driver's license revocation under the implied consent laws as provided in Sections 753 and 754 of this title, *the court is hereby vested with appellate jurisdiction and shall hear said petition de novo."* [Emphasis supplied.]

4. The terms of the January 13, 1993 entry are:

> "Hearing held. Court finds that Plaintiff made a bona-fide timely effort to obtain the "tox trap," i.e., the retained specimen upon which the Plaintiff could have obtained his own test and that D.P.S. failed or refused to tender said "tox trap" advising counsel that they did not have same or that it had been destroyed. Court holds that, under such circumstances, the Officer's Affidavit and Test Results would

not be admissible. Therefore, the suspension/revocation is vacated." [Signed] Noah Ewing [Judge, McClain County]

5. A literal translation of the Latin words *de cursu* is "of course." For the term's application to ministerial acts of the clerk, see *Chamberlin v. Chamberlin,* Okl., 720 P.2d 721, 726 n. 25 (1986). As used in this context *de cursu* means that by the command of 12 O.S.1991 § 24 *judge-signed writings that clearly set forth the relief afforded are routinely filed and entered as an act of the clerk without the necessity of further judicial intervention. See* the pertinent terms of § 24, *supra* note 1.

6. The date stamp upon the terminal writing is January 13, 1993.

7. An appeal to the supreme court from a district court decision in a driver's license revocation proceeding may be brought within *twenty days* of the terminal decision under the provisions of 47 O.S.1991 § 6–211(M) or within *thirty days* under the rules of appellate procedure. 12 O.S.1991, Ch. 15, App. 2, Rule 1.11(b). *Mowdy v. State ex rel. Dept. of Public Safety,* Okl., 524 P.2d 5, 6 (1974). The pertinent terms of Rule 1.11(b) are:

> "An appeal from a district court's decision falling within the provisions of 47 O.S.Supp. 1990 § 6–211 Subdiv. (M) (to review a person's right to a driver's license) *may be prosecuted in the time provided by the cited section [twenty days] or these rules."* [Citations omitted and emphasis supplied.]

8. *Sellers v. Oklahoma Pub. Co.,* Okl., 687 P.2d 116, 118 (1984); *Horizons, Inc. v. KEO Leasing Co.,* Okl., 681 P.2d 757, 759 (1984); *Amarex, Inc. v. Baker,* Okl., 655 P.2d 1040, 1043 (1983); *Knell v. Burnes,* Okl., 645 P.2d 471, 473 (1982); *Boose v. Hanlin,* Okl., 346 P.2d 932, 935 (1959).

Judgments,[9] orders [10] and minutes [11] are facially distinguishable instruments. Recognizable by their content, appearance and substance, each of these writings has a distinct legal identity.[12]

Early jurisprudence gives us Webster's definition of court minute: "a small portion;" "a short sketch or note;" "a brief summary." [13] *Minutes* are no more than *abbreviated memoranda of what takes place in court,* made by the court's authority.[14]

Never a fit substitute for the judge's *recordable* memorialized entry,[15] min-

utes are by definition *incomplete.* Casual examination of a minute usually reveals that a recordable order or judgment is *intended to follow.* In sum, record entry [16] of judgment may never be accomplished by a clerk's minute or by an unsigned, initialed or incomplete abstract of proceedings placed on a minute form later posted on the appearance docket.[17] Rather, it is accomplished by the *filing* of a *memorial that meets the 12 O.S. 1991 § 24* [18] *recordation criteria* (the judge's full signature and a clear indication of the relief afforded). The filing of the *recordable*

**9.** *"A judgment is the final determination of the rights of the parties in an action."* 12 O.S.1991 § 681. [Emphasis supplied.] *See Hurley v. Hurley,* 191 Okl. 194, 127 P.2d 147, 150 (1942).

**10.** An *order* is a *"direction* of a court or judge made or entered in writing, and not included in a judgment." 12 O.S.1991 § 1116.

**11.** Practitioners will be well advised to notice the provisions of § 9 of House Bill No. 1468, 1993 Okla.Sess.Laws Ch. 351 (to be codified at 12 O.S.Supp.1993 § 696.2), not in force at the time of the appealable event in this case, which provide in pertinent part:

"The following shall *not* constitute a judgment, decree or appealable order: A *minute entry....*" [Emphasis added.]

**12.** The term "minute order" has *no legal meaning.* This oxymoron crept into courthouse parlance when, because of county budget constraints that eliminated the availability of some courtroom deputies, judges began writing and signing *short, recordable orders* at the bench. Oklahoma is not the only state to be plagued by oxymorons. *See,* e.g., *Woodland v. Woodland,* 147 N.W.2d 590, 601 (N.D.1967), for an instrument dubbed a "judgment order."

**13.** *Hinshaw v. State,* 147 Ind. 334, 47 N.E. 157, 171 (1897). Although a courtroom deputy is usually the scrivener, the court minutes may be penned by the judge or bear his/her initials.

**14.** *State v. Larkin,* 11 Nev. 314, 321 (1876); *Gregory v. Frothingham,* 1 Nev. 253, 260 (1865). A typical telegraphic-style minute might recite: "Two witnesses sworn; judgment for plaintiff as per journal entry."

**15.** *Elliott v. City of Guthrie,* Okl., 725 P.2d 861, 863 n. 10 (1986); *Chamberlin, supra* note 5, 720 P.2d at 723; *Miller v. Miller,* Okl., 664 P.2d 1032, 1034 (1983); *Wetsel v. Independent School Dis-*

trict *I–1,* Okl., 670 P.2d 986, 993 (1983); *McCullough, supra* note 1, 626 P.2d at 1335.

**16.** The terms of 12 O.S.1991 § 32.1 provide in pertinent part:

"The record shall be made up from the petition, the process, return, the pleadings subsequent thereto, reports, verdicts, orders, *judgments,* and all material acts and proceedings of the court...." [Emphasis provided.]

Entry of judgment in the § 32.1 sense means *entering the memorialization that meets the § 24 recordation criteria for inclusion in the court's "record proper"* — *a term which is synonymous with "common-law record" and "judgment roll."* See *Messenger v. Messenger,* Okl., 827 P.2d 865, 870 n. 20 (1992); *Veiser v. Armstrong,* Okl., 688 P.2d 796, 800 n. 10 (1984); *Mid–Continent Pipe Line Co. v. Seminole County Excise Bd.,* 194 Okl. 40, 146 P.2d 996, 1000 (1944). For the pertinent terms of § 24, see *supra* note 1.

The judgment roll's *statutory* definition has remained the same for over 100 years. For an extensive discussion of the judgment roll, its history, and its elements, see A. Freeman, A Treatise of the Law of Judgments §§ 175–193 (5th ed. 1925).

**17.** *McCullough, supra* note 1, 626 P.2d at 1335. The *appearance docket* is not a part of the court's *judgment roll.* The latter has been held to be the court's only *official memorial* and the only medium through which it speaks. *Elliott, supra* note 15 725 P.2d at 863. The appearance docket is nothing more or less than a *chronological index* of the papers filed and the abstracts of significant courtroom events in a case. *See* 12 O.S.1991 § 23, the terms of which provide in pertinent part:

"On the *appearance docket* [the clerk] shall enter all actions in the order in which they are brought ... [including] an *abstract of all judgments and orders of the court. An abstract shall contain a very brief description of the order or judgment rendered....*" [Emphasis provided.]

**18.** For the terms of 12 O.S.1991 § 24, see *supra* note 1.

*memorial* begins the 12 O.S.1991 § 990A's [19] *countdown for commencing an appeal.*[20]

■ The content and substance of the January 13 entry *is that of a judgment and not that of a minute.* If the four corners yielded no more than an unsigned or initialed recitation of the events that transpired at trial,[21] our conclusion might be different. *The instrument in contest clearly vacates the driver's license revocation, judicially determining the parties' rights in the action. By application of the § 681*[22] *standards, the earlier entry is the recordable*[23] *judgment.* It precludes all further inquiry into the issues joined by the pleadings.[24] Nothing remains to be done.[25] *Our facial examination* of this instrument does not reveal any indication that the judge intended a more complete instrument to follow.[26] In short, the January 13 entry is the filed judgment[27] which may not be transmuted into a minute, either by its *pre-printed "minute" label* or by the *judge's oral directive that counsel prepare a journal entry.*

## III.

## APPEAL TIME'S TRIGGER IS A LAW-DRIVEN MECHANISM WHICH MAY NOT BE POSTPONED BY ORAL DIRECTIVES

■ *This court stands committed to the view that, once an appealable event has occurred, a trial judge is utterly without authority to extend appeal time by any means or in any manner, direct or oblique;*[28] *neither may the nisi prius judge allow the parties to control the time of a judgment's issuance. Appeal time's trigger is a law-*

---

**19.** This appeal is governed by the law in effect in January 1993 when judgment was rendered. The terms of 12 O.S.1991 § 990A, repealed by 1993 OKLA.SESS.LAWS Ch. 351 § 18, effective October 1993 (to be codified at 12 O.S.Supp.1993 § 990A) provided in pertinent part:

"An appeal to the Supreme Court may be commenced by filing a petition in error with the Clerk of the Supreme Court *within thirty (30) days from the date the final order or judgment is filed."* [Emphasis supplied.]

**20.** The judge-signed memorial describing in full the relief granted, filed January 13, 1993, meets all the recordation criteria for a record entry under the statutory regime in effect when the judgment was entered.

**21.** A trial court's minutes are no more than a trustworthy *chronicle of events transpiring in the course of proceedings in a case. Bush v. Bush,* 158 Kan. 760, 150 P.2d 168 (1944).

**22.** For the terms of 12 O.S.1991 § 681, see *supra* note 9.

**23.** "Recordable" means that by force of § 24 an instrument meeting that section's standards must be entered or *"recorded"* in the court's journal.

**24.** *Hurley, supra* note 9, 127 P.2d at 150; *Wells v. Shriver,* 81 Okl. 108, 197 P. 460 (1921).

**25.** *Wells, supra* note 24; *Forman v. Riley,* 88 Okl. 75, 211 P. 495 (1923).

**26.** A judge's *letter* to the parties announcing his intention *to decide the cause for the plaintiff* and

requesting the parties to prepare a journal entry memorializing the decision is *not* a judgment. *Green v. Mee,* 197 Okl. 562, 173 P.2d 217, 218 (1946). *See also* the Oct. 4, 1993 *unpublished* opinion in Taylor Estates v. Meridian Oil, Inc., Cause No. 81,789 consolidated with No. 82,010; July 18, 1992 *unpublished* opinion in Caswell v. Caswell, Cause No. 79,463. In the cited cases, where the court was called upon to decide which of two writings was the judgment, it was facially apparent from the first writing that the judge intended a later memorial to be the judgment. Here, appellant attempts to attack, by *evidence* extrinsic to the record, an instrument which not only meets all the attributes of a judgment, but also facially lacks any indication that the trial court did not intend the writing to be its judgment.

**27.** *See* 12 O.S.1991 § 990A, *supra* note 19, which provides that the filed judgment triggers appeal time.

**28.** *See Herring v. Wiggins,* 7 Okl. 312, 54 P. 483 (the court's syllabus ¶ 1) (1898); *Bellamy v. Washita Valley Telephone Co.,* 25 Okl. 792, 108 P. 389 (the court's syllabus ¶ 2) (1910); *Philbrock v. Home Drilling Co.,* 117 Okl. 266, 246 P. 457 (the court's syllabus ¶ 2) (1926); *Sowers v. Archer,* 161 Okl. 148, 17 P.2d 422, 423 (1932); *Starr v. Woods,* 162 Okl. 242, 19 P.2d 561, 562 (1933); *Watchorn v. General Finance & Sales Co.,* 162 Okl. 203, 19 P.2d 566 (the court's syllabus ¶ 2) (1933); *Manos v. Leche,* 205 Okl. 213, 236 P.2d 693, 695 (1951); *Salyer v. National Trailer Convoy, Inc.,* Okl., 727 P.2d 1361, 1362 n. 2 (1986); *Grant Square Bank & Trust Co. v. Werner,* Okl., 782 P.2d 109, 111 n. 4 (1989).

*driven mechanism which is beyond the reach of human tinkering.*[29]

■ If a trial judge (1) pronounces judgment in court, (2) writes, *signs* and delivers to counsel a *recordable* memorial *setting forth all the terms of his ruling* and (3) the clerk files it *de cursu* as required by law, the filing date inexorably sets appeal time in motion.[30] *The signed instrument becomes the judgment in the case by operation of law.*[31] Extant jurisprudence condemns the creation of more than one memorial of the same ruling and *teaches that only the first is effective.*[32] *All later memorials of the same ruling, though includable as a legitimate part of the appellate record for our review, are nonetheless void on the face of the judgment roll.*[33]

The case scenario here is *clear* and *undisputed.* The trial judge announced his decision, set forth the granted relief in a memorial, signed it and handed a copy to each party. *All parties hence had immediate notice of his decision.* It would be an act of supererogation also to require the trial judge to cau-

tion counsel that the *recordable memorial* would be filed. Filing and entry are ministerial acts that *follow de cursu*[34] the signed writing's delivery to the clerk.[35] *For purposes of triggering appeal time, the January 13 writing becomes the filed judgment in the § 990A sense.*[36] It reserves no issues; it is not vacated and stands unmodified. In short, the later February 5 journal entry does *not* extend appeal time in the face of the earlier-filed January 13 terminal memorial that meets the § 24 recordation criteria.

## IV.

## OUR LAW GIVES TO TRIAL JUDGES THE DUTY TO EFFECT A RECORDABLE JUDGMENT

■ A judgment issues from the court and not from the attorneys or the court clerk.[37] A trial judge has the duty to draft, sign and record a judgment within a reasonable time after its rendition or pronouncement.[38] It has become customary for the

29. While a judge may not *enlarge* appeal time following the occurrence of an *appealable event,* he/she may *prevent* that event from being triggered by the requisite statutory mechanism.

30. 12 O.S.1991 § 681, *supra* note 9; 12 O.S.1991 § 990A, *supra* note 19. Rather than waiting for the parties' rendition, a judge may prefer to prepare the judgment — particularly in a public-interest case. An appellate decision which would require the trial judge to relinquish that prerogative to the parties would deprive judges of the control which the law has given them.

31. *The judge's full signature and a clear indication of the relief afforded* are the essential prerequisites for a memorial's entry upon the judgment roll as a "recordable" instrument. 12 O.S.1991 § 24; *Martin v. Lib. Nat. Bank & Trust,* Okl., 839 P.2d 179, 180 (1992). For the terms of § 24, see *supra* note 1.

32. *Aishman v. Taylor,* Okl., 516 P.2d 244, 245 (1973); *J.A. Tobin Construction Co. v. Grandview Bank,* Okl., 424 P.2d 81, 84 (1967).

33. *Aishman, supra* note 32, 516 P.2d at 245; *Tobin, supra* note 32, 424 P.2d at 84.

34. For an explanation of ministerial acts that follow *de cursu,* see *supra* note 5.

35. In a case taken under advisement, the trial judge has a *duty* to file his decision with the court clerk for entry and to see that file-stamped copies of the order or judgment are mailed to

counsel or to any party appearing *pro se.* Rule 27, Rules for District Courts of Oklahoma. Similarly, when a trial judge pronounces a decision with the parties present, memorializes the ruling and hands to the parties a copy which bears his/her signature, his/her duties embrace delivery of the original writing to the courtroom deputy for appropriate handling that includes filing and entry. *The judge–signed copy, handed to the parties in open court, is due notice of an appealable decision—even though the parties might have received the writing before it bore a date stamp.*

The pertinent terms of Rule 27, Rules for District Courts of Oklahoma, are:

"*Upon entering and filing* the decision with the court clerk, in a matter taken under advisement, *it shall be the duty of the judge to see that file-stamped copies* of the minute order or judgment setting out such decision are mailed by the court clerk to counsel in the case and to any party appearing pro se." [Emphasis supplied.]

36. For the terms of 12 O.S.1991 § 990A, see *supra* note 19.

37. *Blohme v. Schmancke,* 81 S.C. 81, 61 S.E. 1060, 1062 (1908).

38. 12 O.S.1991 § 32.3 (repealed effective Oct. 1, 1993 by House Bill No. 1468) provided in pertinent part:

"*It is the duty of the court to write out, sign and record its ... judgments ... within a reasonable*

trial courts to delegate a journal entry's preparation to counsel for the prevailing party. This practice does *not* divest a judge of his/her long-standing prerogative to memorialize and sign the judgment. *Nor does this custom rob of any legal effect a facially recordable, judge-prepared and subscribed judgment, which fails to gives any indication that it was not intended as judgment.* Once filed, the latter becomes the judgment, as it did in this case, irrespective of the judge's directive that counsel prepare a journal entry.[39]

■ *Appellant's petition in error, brought more than thirty days after the January 13 filing, is tardy.* Under the teachings of *Poafpybitty v. Skelly Oil Company*[40] and its progeny,[41] this court on several occasions has saved an appeal from dismissal in order to keep obscure procedural snares, ambiguous legislative enactments or misleading

jurisprudence from becoming treacherous pitfalls. *Since the rule we announce for this case clarifies appellate procedure which until now may have been less than crystal-clear, today's holding on a not-so-easily-divinable point of statutory law shall be prospective.*[42]

## SUMMARY

Were we to hold that plaintiff's later memorialization — *which sets forth the same terms* as the trial judge's earlier writing— triggered appeal time in this case, our pronouncement would not *only* be far from sound, it *would also represent a sharp break from past jurisprudence teaching that a trial judge cannot extend the time for an appeal.*[43] Extant case law, which bars a trial judge from abdicating to counsel the control over a judgment's issuance, may *not* be ignored.

*time after their rendition.* To aid in the performance of this duty, the court may direct counsel, the district attorney or the court clerk to prepare the written memorialization for its signature and, after it is signed, to file it in the case record." [Emphasis supplied.]

*Since 1893 judges have had the responsibility to assure that judicial acts are recorded.* Stat.1893 § 4309 (the earliest predecessor to § 32.3) provided:

"When the judicial acts or other proceedings of any court have not been regularly brought up and recorded by the clerk thereof, such court shall cause the same to be made up and recorded within such time as it may direct. When they are made up, and, upon examination, found to be correct, the presiding judge of such court shall subscribe the same."

*The trial judge's duty to effect a recordable judgment remains unaffected by the new act's provisions. The judge may write and sign the judgment or supervise counsel's assistance in its preparation.* Section 9 (House Bill No. 1468, 1993 OKL.SESS.LAWS Ch. 351 (to be codified at 12 O.S.Supp.1993 § 696.2A) provides in pertinent part:

"After the granting of a judgment, decree or appealable order, it shall be reduced to writing in conformance with Section 10 of this act, signed by the court, and filed with the court clerk. The court *may* direct counsel for any party to the action to prepare a draft for the signature of the court, *in which event,* the court may prescribe procedures of the preparation and timely filing of the judgment, decree or appealable order, including, but not limited to, the time within which it is to be submitted to the court." [Emphasis supplied.]

**39.** *Tobin, supra* note 32, 424 P.2d at 84.

**40.** *See Poafpybitty, supra* the text at note 2.

**41.** *Hale v. Bd. of Cty. Com'rs of Seminole Cty.,* Okl., 603 P.2d 761, 764 (1979); *Isbell v. State, Etc.,* Okl., 603 P.2d 758, 760 (1979) (Opala, J., concurring specially). *Hale's* and *Isbell's* rationale followed that of *Poafpybitty,* where the court applied prospectively its pronouncement on whether errors of law may be saved for review by inclusion in a motion for new trial. The aggrieved party in *Hale* timely appealed to the Court of Criminal Appeals from an adverse judgment on a jury verdict in an ouster proceeding. Because the law was unclear whether the case should have been brought in that court rather than in the Supreme Court, we (a) saved the appeal that was timely filed *in the wrong court* and (b) treated it as though it had been timely filed *in this court.* The appellant in *Isbell* commenced an appeal after the lapse of the 30–day period provided for APA-governed cases. She relied on an ineffective 60–day statute still on the books. We saved her appeal from the trap of a not-so-readily detectable change in statutory law. *See also Heimbach v. Guiney,* Okl., 827 P.2d 170 (1992), for another example of our recent *purely prospective* application of appellate procedure drawn from obscurely articulated statutes.

**42.** *Poafpybitty, supra* the text at note 2; *see also* its progeny, *supra* note 41.

**43.** *See* the authorities, *supra* note 28. An appellate decision treating as a judgment the *second* memorial of the same ruling would be an *unprecedented* departure from extant jurisprudence. *See Aishman, supra* note 32, 516 P.2d at 245; *Tobin, supra* note 32, 424 P.2d at 84.

*When, as here, the trial court's judgment is pronounced* in open court, *appeal time runs from the filing of the first memorialization which substantively meets the § 24 recordation criteria.* 12 O.S.1991 § 990A (amended by OKL.SESS.LAWS 1993, Ch. 351 § 18, effective October 1, 1993). That entry *may not* effectively be *postponed* by a trial judge's *direction* that a party also prepare a journal entry.[44] Mindful of the uncertainty created by the trial judge's directive that plaintiff's counsel prepare *another* journal entry and by the recent changes in legislation, we give today's pronouncement prospective application. It will operate with effect from the date this opinion is promulgated.

### DISMISSAL MOTION DENIED

LAVENDER, V.C.J., and HARGRAVE, KAUGER, and SUMMERS, JJ., concur.

SIMMS, J., concurs in part and dissents in part.

HODGES, C.J., and ALMA WILSON and WATT, JJ., dissent.

SIMMS, Justice, concurring in part and dissenting in part.

I concur in that part of the majority opinion that shows the January 13 entry as the appealable event; I dissent to that portion of the opinion making our ruling prospective.

KAUGER, Justice, concurring:

Although I concur in the result reached by the majority, I write separately to emphasize that it is effective *only* to minute entries predating the revision of 12 O.S.Supp.1993 § 696.2(c).[1] The 1993 revision of § 696.2(c) became effective October 1, 1993. After that date, § 696.2(c) specifically provides that minute orders like the one presented here "shall not constitute a judgment, decree or appealable order."

SUMMERS, Justice, concurring,

The legislature has undertaken to change the law as it pertains to a judge-prepared minute entry. Title 12 O.S.Supp.1993 § 696.-2(c) effective October 1, 1993 provides:

> "The following shall not constitute a judgment, decree, or appealable order: A minute entry . . . ."

I concur in today's opinion because this controversy pre-dates the statutory change. Section 23 of Title 12 states that the appearance docket is to contain an abstract of orders and judgments rendered, and that "Either *the judge* or the clerk may prepare an appearance docket entry in the form of a minute, or the content of the entry may be dictated either by the judge or the clerk into an electronic recording device." (Emphasis mine) Thus under that section a judge may make a minute that is an appearance docket entry, which contains an abstract of an order or judgment. However, under pre-October 1993 law (as here), when a judge-signed minute contained all the provisions that a court directed or ordered it became something more than a minute entry; it was an order or judgment of the court. 12 O.S.1991 §§ 32.3, 1116.

I am authorized to state that Justice Kauger joins in these views.

---

44. *Bobo v. Bigbee*, Okl., 548 P.2d 224 (1976), was decided upon facts that differ significantly from today's scenario. There, the trial judge (1) *took a case under advisement* and (2) *later notified only one lawyer of his decision.* After being advised of the ruling by opposing counsel, the second lawyer conferred with the trial judge and was told that a journal entry containing the terms of the judgment would be prepared and filed. We held that a notation on the *appearance docket* to "[e]nter order findings of fact and conclusions of law and Judgment as per J.E." did not constitute a com-

plete *pronouncement* of the judgment's terms. *In contrast to Bobo, the judgment here was the judge-signed journal entry which (1) announced to both parties the relief afforded and (2) appeared upon the judgment roll. See Miller, supra note 15,* 664 P.2d at 1034.

1. Title 12 O.S.Supp.1993 § 696.2(c) provides in pertinent part:
   "The following shall not constitute a judgment, decree, or appealable order: A minute entry . . ."