Dear State Representative Liebmann,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
1. Title 12 O.S. Supp.2006, § 727.1 (C) in pertinent part states: "Thepostjudgment interest authorized by [this statute] shall accrue from theearlier of the date the judgment is rendered as expressly stated in thejudgment, or the date the judgment is filed with the court clerk." Whatis the meaning of the phrase "judgment is rendered"?
 2. What must be "expressly stated in the judgment" in order to beginthe accrual of postjudgment interest?
 I. Background
¶ 1 There are two possible times when postjudgment interest will begin to accrue under Section 727.1(C), either (1) the date the judgment is rendered, as expressly stated in the judgment or (2) the date when a judgment is filed with the court clerk. In determining which date controls when postjudgment interest begins to accrue, two questions arise:
 First, what is the meaning of the term "judgment is rendered," the date of which rendition may trigger the accrual of postjudgment interest?
 Second, what must be expressly stated in the judgment? Is it the date a jury verdict is accepted by the court, the date a judge announces a decision in a non-jury trial or is it a statement in the rendition that postjudgment interest is awarded?
¶ 2 To answer your questions we first look at the history of the award of postjudgment interest in Oklahoma. "A judgment is the final determination of the rights of the parties in an action." 12 O.S. 2001, § 681[12-681]. We are thus concerned with the statute that deals with interest after a final determination of the rights of the parties has been made.
¶ 3 The statute concerning prejudgment and postjudgment interest was first enacted in 1910. See Okla. R.L. 1910, § 1008 (current version at 12 O.S. Supp.2006, § 727). By 1971, Section 727 in pertinent part stated; "All judgments of courts of record shall bear interest, at the rate of ten percent (10%) per annum, from the date of rendition. . . ." 12 O. S. 1971, § 727 (emphasis added).
¶ 4 The basic language and the form of the statute continued with some amendments not relevant to our analysis until 1997. In 1997 the statute was amended, separating prejudgment interest from postjudgment interest.See 1997 Okla. Sess. Laws ch. 320, § 2(C). Postjudgment interest was provided in pertinent part by the following language: "postjudgment interest . . . shall accrue from the date as of which the judgment is rendered, irrespective of the date as of which the judgment is filed witha court clerk or with a county clerk." 12 O.S. Supp.1997, § 727 (emphasis added).
¶ 5 In 1999, the relevant portion of the statute was amended again stating: "The postjudgment interest authorized by [this statute][1]shall accrue from the earlier of the date the judgment is rendered asexpressly stated in the judgment, or the date the judgment is filed withthe court clerk." 12 O.S. Supp.1999, § 727(C) (emphasis added) (footnote added); see 1999 Okla. Sess. Laws ch. 293, § 7(C). That statute governed postjudgment interest "after January 1, 2000, but before January 1, 2005." 12 O.S. Supp.2006, § 727(K).
¶ 6 In 2004, the Legislature enacted Section 727.1 of Title12 to govern postjudgment interest from January 1, 2005 forward. See 2004 Okla. Sess. Laws ch. 368, § 7. The language quoted in Section 727(C), relevant to your questions above, is the same in Section 727.1(C). Section 727.1(C) controls at this time.[2] See 12 O.S. Supp.2006, § 727.1(K).
¶ 7 The review of the variations of the postjudgment interest statute leads us to the conclusion that, over the years, the Legislature intended to change the beginning of the accrual of postjudgment interest from one date to two possible dates. See Rodgers v. Higgins, 871 P.2d 398, 407
(Okla. 1993) (adopting amendment signifies "legislative intent to change the law"). The current statute, 12 O.S. Supp.2006, § 727.1(C), exemplifies that postjudgment interest may begin to accrue at two different times, either the date the judgment is rendered or the date a judgment is filed with the clerk.
 II. A Judgment is Rendered When a Verdict is Accepted by a Court or Announced by a Court in a Non-Jury Trial.
¶ 8 You first ask when is a judgment rendered? According to longstanding case law, a judgment is rendered when a verdict is accepted by a court in a jury trial.[3] Walker v. St. Louis-San Francisco Ry.Co., 671 P.2d 672, 673-74 (Okla. 1983). The date when a verdict is returned by the jury is not the date of rendition, if it is not accepted by the court. Ark. La. Gas Co. v. McBroom, 526 P.2d 509, 511
(Okla.Civ.App. 1974). Where there is no jury the court's decision becomes the "judgment," and its announcement or written memorialization by the court is the "rendition." Miller v. Miller, 664 P.2d 1032, 1034 (Okla. 1983); see Okla. Stat. Ann. tit. 12, § 727(C) cmt. (West 2000).
¶ 9 It appears that these judicial determinations when a judgment is rendered has continued through the most recent amendments to the statute. See id. A judgment is rendered for purposes of determination of postjudgment interest when a verdict is accepted by a court or pronounced by a court in the event of a non-jury trial. Id. ("In the case of a jury trial, this would be the date the court accepts the jury verdict; in the case of a bench trial, this would be the date of pronouncement of the judgment.")
¶ 10 However, the determination when a judgment is rendered must be subjected to further analysis. Most of the litigation concerning when a judgment was rendered took place in the context when time for filing an appeal began. See, e.g., Rodgers, 871 P.2d at 411. In some cases Oklahoma courts ruled that appeal time began to run from the entry of a minute order, rather than a "journal entry," foreclosing an appeal by an unfortunate plaintiff who assumed he or she had thirty days from the signing or, perhaps, filing of the "journal entry." See id. at 411, 414.
¶ 11 In 1990, the Oklahoma Legislature passed several statutes governing the preparation of judgments and the filing of appeals to attempt to clarify when the time for appeal began to run. See 12 O.S. Supp.1990, §§ 1001-1008. Problems with the implementation of these statutes caused them all to be repealed in 1991 except Section 1006, which was renumbered to Section 994 of Title 12. See 1991 Okla. Sess. Laws ch. 251, § 22; 1991 Okla. Sess. Laws ch. 351, § 30; Okla. Stat. Ann. tit. 12, § 696.2 cmt. (West 2000).
¶ 12 In 1993, the Legislature enacted new statutes governing the preparation, mailing, and filing of judgments, decrees and appealable orders. See 1993 Okla. Sess. laws ch. 351, § 9 (current version at 12 O.S. 2001, § 696.2[12-696.2]).[4] What a judgment, decree or final order must contain was enacted at Section 696.3 of Title 12.[5] See
1993 Okla. Sess. laws ch. 351, § 10 (current version at 12 O.S. Supp. 2006, § 696.3[12-696.3]).[6] The pertinent part of Section 696.2 states:
 D. The filing with the court clerk of a written judgment, decree or appealable order, prepared in conformance with Section 696.3 of this title and signed by the court, shall be a jurisdictional prerequisite to the commencement of an appeal. The following shall not constitute a judgment, decree or appealable order: A minute entry; verdict; informal statement of the proceedings and relief awarded, including, but not limited to, a letter to a party or parties indicating the ruling or instructions for preparing the judgment, decree or appealable order.
 E. A judgment, decree or appealable order, whether interlocutory or final, shall not be enforceable in whole or in part unless or until it is signed by the court and filed[.] . . . The time for appeal shall not begin to run until a written judgment, decree or appealable order, prepared in conformance with Section 696.3 of this title, is filed with the court clerk, regardless of whether the judgment, decree, or appealable order is effective when pronounced or when it is filed.
Id.
¶ 13 The Advisory Committee,[7] in discussing the reason for the amendments noted, "The primary purpose of the [act] was to change the date of finality for judgments from the date of the judge's oral pronouncement of the decision to the date of filing of a written judgment with the court clerk." Okla. Stat. Ann. tit. 12, § 696.2 cmt. (West 2000). The Advisory Committee further stated "Section 696.2(D) states as a general rule that judgments, decrees or appealable orders are not effective until they are signed by the court and filed. . . . Under prior law, a judgment was effective as soon as it was rendered. Miller v.Miller, 664 P.2d. 1032, 1034 (Okla. 1984)." Id. The Advisory Committee concluded by stating "Section 696.2(D) changes the time when most judgments become effective from the date of their rendition to the date of their filing with the court clerk." Id.
¶ 14 Thus, the 1993 amendments of the statutes, governing the appeals of judgments, did not change the concept of "rendition of the judgment" from the date a verdict is accepted by the court in a jury trial or pronounced by the court in a non jury trial to the date a written judgment is filed to determine when postjudgment interest begins to accrue. Those 1993 amendments were concerned with effectiveness and finality for appeal purposes not for the determination of postjudgment interest. If the Legislature had wished to amend the postjudgment interest statute in 1999 to change the applicability of rendition of the judgment it could have done so. It did not, which gives us evidence of its intent. See Darnellv. Chrysler Corp., 687 P.2d 132, 134 (Okla. 1984); City of Duncan v.Bingham, 394 P.2d 456, 459-60 (Okla. 1964).
¶ 15 Moreover, the advisory committee writing the Oklahoma Comments to the postjudgment interest statute in 1999 reaffirmed the principle that postjudgment interest begins to accrue upon the rendition of a judgment that occurs upon acceptance of a verdict or pronouncement by a court.See Okla. Stat. Ann. tit. 12, § 727 cmt. (West 2000). In conclusion, a judgment is rendered for purposes of determination of when postjudgment interest begins to accrue when a verdict is accepted by the court or pronounced by the court in a non-jury trial.
 III. It is the Date of the Rendition of the Judgment, Not Whether Postjudgment Interest Should be Awarded That Must be Included in the Judgment.
¶ 16 You next ask what must be expressly included in the judgment in order to meet the statutory requirement. Is it the date of the rendition, or is it a statement that postjudgment interest is awarded that must be expressly stated in the judgment? The answer to the question is that it is the date of rendition that must be stated in the judgment.
¶ 17 Section 727.1(A)(1) states, "Except as provided by this section, all judgments of courts of record . . . shall bear interest at a rate prescribed pursuant to this section." Id. (emphasis added). Postjudgment interest is mandatory. See Fleming v. Baptist Gen. Convention,742 P.2d 1087, 1097 (Okla. 1987). Thus there is no question whether postjudgment interest is to be awarded.
¶ 18 Support for this answer is also found in the statement, titled "Oklahoma Comment" included in the Oklahoma Statutes Annotated and prepared by the Civil Procedure Committee of the Oklahoma Bar Association, which drafted the language of the 1999 amendment.
 [The change to the statute] is to clarify the date on which post-judgment interest begins to accrue and pre-judgment interest stops. Under the proposed change, post-judgment interest will begin to accrue on the date the judgment is rendered if this date is expressly specified in the judgment. In the case of a jury trial, this would be the date the court accepts the jury verdict; in the case of a bench trial, this would be the date of pronouncement of the judgment. If no date is expressly specified in the judgment, post-judgment interest would begin to accrue on the date of filing of the judgment. Pre-judgment interest would accrue until the date when post-judgment interest began to accrue.
Okla. Stat. Ann. tit. 12, § 727 cmt. (West 2000) (emphasis added).
 Conclusion
¶ 19 Upon review of 12 O.S. Supp.2006, § 727.1, pertinent case law and the Oklahoma Comments, the date of the rendition of judgment must be stated in the judgment for postjudgment interest to begin to accrue from the date of rendition. If the date of the rendition is not "expressly stated in the judgment" postjudgment interest does not begin to accrue until the date the "judgment is filed with the court clerk." 12 O.S. Supp.2006, § 727.1(C).
¶ 20 It is, therefore, the official Opinion of the Attorney Generalthat:
 1. Title 12 O.S. Supp.2006, § 727.1 (C) states: "The postjudgment interest authorized by [this statute] shall accrue from the earlier of the date the judgment is rendered as expressly stated in the judgment, or the date the judgment is filed with the court clerk." The phrase "judgment is rendered" means the date a jury verdict is accepted by the trial court, or, in the case of a bench trial, the date the decision is pronounced by the court.
 2. The date of the rendition of the judgment must be "expressly stated in the judgment" in order for postjudgment interest to begin to accrue, otherwise such accrual of postjudgment interest begins on the date of filing of the judgment. Okla. Stat. Ann. tit. 12, § 727 cmt. (West 2000).
W.A. DREW EDMONDSON Attorney General of Oklahoma
GRETCHEN GROVER HARRIS Assistant Attorney General
[1] Postjudgment interest was authorized for all judgments in courts of record. A different interest rate was set for governmental entities against whom postjudgment interest accrued. 12 O.S. Supp.1999, § 727(B)
[2] Various sections of Section 727 addressing prejudgment and postjudgment interest were amended by the Legislature between 1968 and 2004. The language used has not been consistent. For example, after the 1999 amendment, costs and attorneys fees bore postjudgment interest and the language used was similar to that we seek to interpret here. See 12 O.S. Supp.1999, § 727(C). Section 727.1 provided interest would be added to costs and attorneys fees" from the earlier of the date the judgment or order is pronounced, if expressly stated in the written judgment or order awarding the costs and attorney fees, or the date the judgment or order is filed with the court clerk." 12 O.S. Supp.2006, § 727.1(A)(2) (emphasis added).
Section 727, concerning prejudgment interest in personal injury and other types of tort actions and actions against government entities was amended in 1999 to provide that if a verdict in one of these areas "is accepted by the trial court, the court, in rendering judgment shall add interest on the verdict . . . from the date the suit resulting in the judgment was commenced to the earlier of the date the verdict is acceptedby the trial court as expressly stated in the judgment, or the date thejudgment is filed with the court clerk." 12 O.S. Supp.1999, § 727(E) (emphasis added) (the word "written" is not included in this subsection).
[3] Under Section 727 prejudgment interest is appropriately added to the verdict and included in the judgment. See Walker, 671P.2d at 673-74.
[4] The Legislature amended Section 696.2 in 2007, but those amendments are not germane here. See 2007 Okla. Sess. Laws ch. 12, § 2.
[5] The introduction to Title 12 of the Oklahoma Statutes Annotated states that the Oklahoma Comments to Sections 696.2 — 696.4, including the comment noted herein, "were prepared by the Advisory Committee on Post Judgment Procedures which was created by a resolution of the Oklahoma Legislature" as part of its redrafting of the statutes in 1993.
[6] The Legislature amended Section 696.3 in 2007, but those amendments are not germane here. See 2007 Okla. Sess. Laws ch. 12, § 3.
[7] See n. 5 above.