CFM of Connecticut, Inc. *v.* Taufiqul
Chowdhury et al.
(12406)

Foti, Landau and Heiman, Js.

Argued April 24—decision released August 15, 1995

*John Timbers,* for the appellant-appellee (plaintiff).

*Frank G. Usseglio,* with whom, on the brief, were *Karen P. Blado* and *Medina K. Jett,* for the appellee-appellant (named defendant).

Landau, J. The sole issue in this cross appeal by the defendant Taufiqul Chowdhury (defendant) is whether the trial court, *Holzberg, J.,* improperly vacated an order of contempt and sanctions imposed by a coordinate trial court, *Susco, J.*[1]

---

[1] This cross appeal survives the original appeal in this case, which was filed by the plaintiff. We dismissed the appeal on the grounds of untimeliness pursuant to Practice Book § 4009 and the plaintiff's failure to comply with a nisi order issued by the court.

The following facts are relevant to our disposition of this case. In 1989, the plaintiff filed an action against the defendant and 5 C's Corporation for breach of a franchise agreement and against 294 Farmington Realty Company and Sielev Associates for intentional interference with a contract. During the course of these proceedings, the defendant moved for sanctions against the plaintiff and its attorney, John Timbers, for bad faith pleading.[2] On August 31, 1990, the trial court, *Susco, J.*, granted the motion for sanctions and ordered the plaintiff and Timbers personally to pay attorney's fees of $10,000 to the defendant. On December 31, 1990, upon a motion by the defendant, the trial court articulated its order, specifying that the $10,000 was to be paid by February 28, 1991. Timbers neither complied with nor appealed from the order.

The defendant thereafter moved the trial court to find Timbers in contempt of court for, inter alia, his failure to pay the $10,000 in attorney's fees. On March 18, 1993, the trial court, *Holzberg, J.*, vacated Judge Susco's August 31, 1990 order after finding that no hearing had been held in support of the defendant's motion for sanctions pursuant to *Fattibene v. Kealey*, 18 Conn. App. 344, 558 A.2d 677 (1989).[3]

---

[2] Previously, the trial court had ordered the plaintiff to submit a memorandum of law on the question of whether the plaintiff should be permitted to recall a certain witness. In its motion for sanctions, the defendant claimed that instead of a memorandum of law, the plaintiff had submitted affidavits replete with hearsay and improper opinions and legal conclusions. Also, the defendant alleged that Timbers had personally submitted an affidavit and violated rules 3.4 and 3.7 of the Rules of Professional Conduct. For these reasons, the defendant requested the court to hold the plaintiff and Timbers in contempt of court and to assess costs against both.

[3] In response to an application for a writ of quo warranto, the trial court, *Holzberg, J.*, had previously ruled that 294 Farmington Realty Company owns the plaintiff and that the underlying action was withdrawn as of July 29, 1991 by duly authorized counsel. Because the issue is not before us, we do not consider the appropriateness of the filing of the application for a writ of quo warranto. Also, because we decide that the court did not have

The defendant subsequently cross appealed, arguing that because Judge Susco's August 31, 1990 sanctions order was a final judgment, the doctrine of res judicata barred Judge Holzberg from vacating it. In response, Timbers asserts that (1) the doctrine of res judicata does not bar relitigation in the same action, (2) the doctrine applies only to final judgments and not to interlocutory orders, as he characterizes the trial court's August 31, 1990 sanctions order, and (3) the law of the case doctrine, which is applicable, permits a trial court judge to depart from a ruling by a prior judge in the same case.

As a threshold matter, we conclude that the August 31, 1990 sanctions order was a final judgment pursuant to the test set forth in *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983). In *Curcio*, the Supreme Court held that "certain interlocutory orders and rulings of the Superior Court [are] final judgments for purposes of appeal. An otherwise interlocutory order is appealable in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." Id. The August 31, 1990 order, as articulated on December 31, 1990, both concluded the matter of whether the plaintiff's and Timbers' pleadings were contemptuous and fixed the amount of sanctions at $10,000. No further trial court proceedings were anticipated that would eradicate the plaintiff's and Timbers' obligation to pay the $10,000. Therefore, the August 31, 1990 order constituted a final judgment. See *In re Dodson*, 214 Conn. 344, 361, 572 A.2d 328, cert. denied, 498 U.S. 896, 111 S. Ct. 247, 112 L. Ed. 2d 205 (1990); *Fattibene* v. *Kealey*, 12 Conn. App. 212, 216, 530 A.2d 206 (1987).

jurisdiction to vacate the sanctions order, we need not decide the effect of the trial court's finding that the underlying action was withdrawn on a date prior to the filing of the motion for contempt.

In our resolution of this claim, we need not make use of the stepping stones of res judicata and law of the case, as suggested by the parties. Rather, we turn to the well established law that, "[w]hile courts have an inherent power to open, correct and modify judgments; *Steve Viglione Sheet Metal Co.* v. *Sakonchick*, 190 Conn. 707, 710, 462 A.2d 1037 (1983); the duration of this power is restricted by statute and rule of practice. In order for a trial court to open a civil judgment, a motion to open or set aside must be filed within four months of the date that judgment is rendered. General Statutes § 52-212a;[4] Practice Book § 326;[5] *DiSimone* v. *Vitello*, [6 Conn. App. 390, 391–92, 505 A.2d 745 (1986)]." *Batory* v. *Bajor*, 22 Conn. App. 4, 8, 575 A.2d 1042, cert. denied, 215 Conn. 812, 576 A.2d 541 (1990). Where "the motion is untimely and the time limitation has not been waived, the trial court is without jurisdiction to entertain the motion. *Van Mecklenburg* v. *Pan American World Airways, Inc.*, [196 Conn. 517, 518, 494 A.2d 549 (1985)]." Id., 8–9.

General Statutes § 52-212a and Practice Book § 326 are applicable in this case because the contempt order was a civil order. The August 31, 1990 order was issued to vindicate the private rights of the defendant rather than the dignity and authority of the court. *Dunham*

---

[4] General Statutes § 52-212a provides in pertinent part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. . . . The parties may waive the provisions of this section or otherwise submit to the jurisdiction of the court . . . ."

[5] Practice Book § 326 provides in pertinent part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which it was rendered or passed. The parties may waive the provisions of this paragraph or otherwise submit to the jurisdiction of the court. . . ."

v. *Dunham*, 217 Conn. 24, 28 n.3, 584 A.2d 445 (1991); *Mays* v. *Mays*, 193 Conn. 261, 265–66, 476 A.2d 562 (1984); *DeMartino* v. *Monroe Little League, Inc.*, 192 Conn. 271, 278, 471 A.2d 638 (1984); *McTigue* v. *New London Education Assn.*, 164 Conn. 348, 352–53, 321 A.2d 462 (1973). "Sanctions for civil contempt may be either a fine or imprisonment; a fine may be remedial or it may be the means of coercing compliance with the court's order and compensating the complainant for losses sustained. *DeMartino* v. *Monroe Little League, Inc.*, supra [278]; *McTigue* v. *New London Education Assn.*, supra, 278–79; see also *United States* v. *United Mine Workers of America*, 330 U.S. 258, 303–304, 67 S. Ct. 677, 91 L. Ed. 884 (1947); *G. & C. Merriam Co.* v. *Webster Dictionary Co.*, 639 F.2d 29, 41 (1st Cir. 1980). . . . The fine imposed for a civil contempt may be payable to the complainant as compensation for his loss. *DeMartino* v. *Monroe Little League, Inc.*, supra, 279." *Dunham* v. *Dunham*, supra, 28 n.3.

Following the August 31, 1990 sanctions order, neither the plaintiff nor Timbers filed a motion to vacate or set aside the judgment. Likewise, neither appealed the validity of the order. There is no question that the four month period set out in General Statutes § 52-212a and Practice Book § 326 had run by March 18, 1993, when Judge Holzberg vacated Judge Susco's sanctions order. Also, an examination of the record reveals that the parties did not waive the provisions of § 52-212a and § 326 or otherwise submit to the jurisdiction of the trial court. While the trial court, *Holzberg, J.*, conducted a hearing on the defendant's motion for contempt and separate application for a writ of quo warranto neither the trial court nor the parties addressed the validity of the August 31, 1990 sanctions order. For these reasons, we conclude that Judge Holzberg lacked jurisdiction to vacate the previously imposed sanctions order.[6]

---

[6] We note that in vacating Judge Susco's sanctions order, Judge Holzberg relied on *Fattibene* v. *Kealey*, supra, 18 Conn. App. 344, in which we

The portion of the judgment vacating the August 31, 1990 sanctions order is reversed.

In this opinion the other judges concurred.

held that the trial court improperly granted the defendant's motion for sanctions without affording the plaintiff a proper hearing. Whether Judge Holzberg properly concluded that Judge Susco failed to afford the plaintiff and Timbers an opportunity to be heard is not the issue before us. The issue is whether Judge Holzberg had jurisdiction to apply the *Fattibene* rule. In the absence of compliance with General Statutes § 52-212a and Practice Book § 326, Judge Holzberg was without jurisdiction to vacate the order of Judge Susco.