HARRIETTE FEUERMAN *v.* SIGMUND FEUERMAN
(14748)

Dupont, C. J., and Foti, Lavery, Schaller and Spear, Js.

Argued October 25—decision released December 5, 1995

*Sandra P. Lax,* in favor of the motion.

*Edward R. Giacci,* in opposition to the motion.

PER CURIAM. The plaintiff in this dissolution action filed a motion to dismiss the appeal and for sanctions in the form of attorney's fees because the defendant's counsel failed to appear at the preargument settlement conference.[1] Because the failure to appear at a preargu-

---

[1] The plaintiff's motion to dismiss also asserts that the defendant filed this appeal only as a dilatory tactic and that the defendant has included certain factual misrepresentations in his appellate brief. We deny any relief sought on those grounds. The sanction of dismissal based on the failure to appear at the preargument settlement conference is also denied.

ment settlement conference is a serious violation of our rules of practice, we held a hearing on October 25, 1995, to address the plaintiff's claim. We grant the plaintiff's request for sanctions in the form of attorney's fees, but deny all other relief requested.

After the defendant filed an appeal from the trial court's judgment in this case, the parties were scheduled to appear before former Justice Robert D. Glass, state trial referee, for a preargument settlement conference on August 29, 1995. The appeal form indicates that Ralph Crozier is appellate counsel for the defendant. When Crozier failed to appear at the scheduled preargument conference, Judge Glass waited with the plaintiff's counsel for over one hour, while attempting unsuccessfully to reach Crozier by telephone. Thereafter, Judge Glass made further attempts to contact Crozier to reschedule the conference, but Crozier failed to return any of Judge Glass' telephone calls.

During this court's hearing on the plaintiff's request for sanctions, Crozier did not appear. Instead, a partner of his appeared, but could give no reasonable explanation as to why Crozier did not attend the preargument settlement conference. The plaintiff's counsel stated, however, that while she and Judge Glass were waiting on August 29, 1995, Judge Glass asked her to look for Crozier. Because she could not find him, the plaintiff's counsel tried to reach Crozier by telephone, and his secretary said that he was somewhere in the building. Crozier did not contact the plaintiff's counsel to excuse his absence or to discuss this matter with her.

Crozier's partner who was present at the hearing before this court indicated that he had an unsigned affidavit from Crozier stating that he had been out of the country at the time of the scheduled preargument settlement conference. A signed affidavit from a law student who had worked on this case for Crozier was

filed with this court before the October 25, 1995 hearing. That affidavit states that Crozier was on vacation during the week of September 7, 1995. These affidavits fail to explain adequately why Crozier could not be present at a preargument settlement conference on August 29, 1995.

"There are three possible sources for the authority of courts to sanction counsel and pro se parties. These are inherent power, statutory power, and the power conferred by published rules of the court. The power of a court to manage its dockets and cases by the imposition of sanctions to prevent undue delays in the disposition of pending cases is 'of ancient origin, having its roots in judgments . . . entered at common law . . . and dismissals . . . .' That power may be expressly recognized by rule or statute but it exists independently of either and arises because of the control that must necessarily be vested in courts in order for them to be able to manage their own affairs so as to achieve an orderly and expeditious disposition of cases. . . . Simply stated, '[t]he inherent powers of . . . courts are those which "are necessary to the exercise of all others." . . . ' " (Citations omitted.) *In the Matter of Presnick*, 19 Conn. App. 340, 347, 563 A.2d 299, cert. denied, 213 Conn. 801, 567 A.2d 833 (1989).

Practice Book § 4103 provides in relevant part that the "[f]ailure of counsel to attend a preargument conference may result in the imposition of sanctions under Sec. 4184." The sanctions imposed are left to the discretion of this court, and may include payment of attorney's fees to the opposing party. Practice Book § 4184. We conclude that sanctions in the form of attorney's fees are warranted in this case.

The plaintiff's motion is granted in part and Ralph Crozier, counsel for the defendant, is ordered to pay

to the plaintiff's counsel, Belinkie and Lax, attorney's fees in the amount of $750 within thirty days of the issuance of this order.[2]

[2] At the hearing of October 25, 1995, the plaintiff's counsel submitted an affidavit in support of her request for counsel fees.