### LESLIE SRAGER ET AL. *v.* KENNETH KOENIG
### (14859)

Dupont, C. J., and O'Connell, Foti, Landau and Hennessy, Js.

Argued June 5—officially released July 3, 1996*

*Marni Smith Katz*, in support of the motion.

*John Timbers*, in opposition to the motion.

DUPONT, C. J. The defendant filed a motion to dismiss this appeal and for the sanction of attorney's fees because the plaintiffs' counsel abused the appellate pro-

---

* July 3, 1996, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

cess. After granting the motion to dismiss the appeal, we held a hearing on June 5, 1996, to address the defendant's motion for sanctions. We grant the defendant's motion for sanctions and, further, sua sponte, prohibit the plaintiffs' counsel from filing any papers in this court and from making an appearance in this court for a period of six months.

The facts that are relevant to an understanding of the defendant's motion for sanctions follow. This action involves a contract for the sale of the defendant's real property. The plaintiffs, Leslie Srager and Joan Srager, brought a prior action against the defendant and others, and the plaintiffs filed two notices of lis pendens on the defendant's property in connection with that action. The suit was subsequently dismissed as to the defendant for insufficient service of process.[1] The plaintiffs then brought another action against the defendant and filed a third notice of lis pendens on the defendant's property. Before the trial court had an opportunity to consider the defendant's motions to discharge the three notices of lis pendens, the plaintiffs filed a fourth notice of lis pendens on the defendant's property. The court, *Vertefeuille, J.*, after a hearing, discharged the first three notices of lis pendens declaring them invalid. Subsequently, the fourth notice of lis pendens was also discharged by the court, *Vertefeuille, J.*

Upon discharge of the fourth notice of lis pendens, the plaintiffs filed an untimely appeal in this court pursuant to General Statutes § 52-325c. Because the statutory appeal period implicated this court's subject matter jurisdiction, the appeal was dismissed. *Srager* v. *Koenig*, 36 Conn. App. 469, 651 A.2d 752 (1994). The plain-

---

[1] In the context of that first action, the plaintiffs appealed from the discharge of their notice of lis pendens filed on the property of another defendant in that case. We affirmed the trial court's judgment. *Srager* v. *Koenig*, 41 Conn. App. 905, 673 A.2d 1185, cert. denied, 237 Conn. 929, 677 A.2d 947 (1996).

tiffs subsequently filed this appeal from the discharge by the court, *Levin, J.*, of a fifth notice of lis pendens.

Attorney John Timbers, who has represented the plaintiffs in all of the proceedings before the trial court, continues to represent the plaintiffs on appeal. The plaintiffs commenced the original action on May 1, 1992, for, inter alia, an order compelling the defendant to convey to them his property located at 1662 and 1664 Fairfield Beach Road in Fairfield. The fifth notice of lis pendens filed on the defendant's property was discharged more than three years later, by order dated May 10, 1995.

After the filing of the plaintiffs' second appeal, the defendant filed a motion to dismiss the appeal for failure to prosecute with proper diligence because Timbers failed, after receiving five extensions, to file a timely appellants' brief. We granted the defendant's motion to dismiss and now consider his request for sanctions against Timbers for abuse of the appellate process.[2]

"It is an inherent power of the court to discipline members of the bar, and to provide for the imposition of reasonable sanctions to compel the observance of its rules. . . ." (Citations omitted; internal quotation marks omitted.) *Gionfrido* v. *Wharf Realty, Inc.*, 193 Conn. 28, 33–34, 474 A.2d 787 (1984). "The practice of law is . . . a profession the main purpose of which is to aid in the doing of justice . . . . *In re Application of Griffiths*, 162 Conn. 249, 254–55, 294 A.2d 281 (1972), rev'd and remanded, 413 U.S. 717, 93 S. Ct. 2851, 37 L. Ed. 2d 910 (1973), quoting *Rosenthal* v. *State Bar Examining Committee*, 116 Conn. 409, 414, 165 A. 211 (1933). An attorney as an officer of the court in the administration of justice, is continually accountable to

---

[2] The plaintiffs filed a motion for reconsideration en banc of the order granting the defendant's motion to dismiss the appeal. We denied the plaintiffs' motion on June 19, 1996.

it for the manner in which he exercises the privilege that has been accorded him. *In re Peck*, 88 Conn. 447, 450, 91 A. 274 (1914). This unique position as officers and commissioners of the court . . . casts attorneys in a special relationship with the judiciary and subjects them to its discipline. (Citations omitted.) *Heslin* v. *Connecticut Law Clinic of Trantolo & Trantolo*, 190 Conn. 510, 524, 461 A.2d 938 (1983)." (Internal quotation marks omitted.) *Statewide Grievance Committee* v. *Rozbicki*, 211 Conn. 232, 237–38, 558 A.2d 986 (1989).

"There are three possible sources for the authority of courts to sanction counsel and pro se parties. These are inherent power, statutory power, and the power conferred by published rules of the court. The power of a court to manage its dockets and cases by the imposition of sanctions to prevent undue delays in the disposition of pending cases is of ancient origin, having its roots in judgments . . . entered at common law . . . and dismissals . . . . That power may be expressly recognized by rule or statute but it exists independently of either and arises because of the control that must necessarily be vested in courts in order for them to be able to manage their own affairs so as to achieve an orderly and expeditious disposition of cases. . . . Simply stated, [t]he inherent powers of . . . courts are those which are necessary to the exercise of all others. . . ." (Citations omitted; internal quotation marks omitted.) *Feuerman* v. *Feuerman*, 39 Conn. App. 775, 777, 667 A.2d 802 (1995), quoting *In the Matter of Presnick*, 19 Conn. App. 340, 347, 563 A.2d 299, cert. denied, 213 Conn. 801, 567 A.2d 833 (1989).

Pursuant to Practice Book § 4184, the following actions, among others, may result in the imposition of sanctions: failure to comply with rules and orders of the court; filing of any papers that unduly delay the progress of an appeal; presentation to the court of unnecessary or unwarranted motions; repeated failures

to meet deadlines; and presentation to the court of a frivolous appeal or frivolous issues on appeal. "Offenders will be subject, at the discretion of the court, after hearing, to appropriate discipline, including the prohibition against appearing in the court or filing any papers in the court for a reasonable and definite period of time, the imposition of a fine pursuant to Gen. Stat., § 51-84, and costs and payment of expenses, together with attorney's fees to the opposing party. . . ." Practice Book § 4184.

The appellate record in this case is replete with instances of Timbers' failing to comply with the rules of this court, filing unnecessary and unwarranted motions that have unduly delayed the progress of this appeal and repeatedly failing to meet deadlines. When considered together, they evidence an overall course of conduct that is a blatant and continuous abuse of the judicial process, and of the rules of this court. We conclude that the sum of Timbers' actions that are hereinafter described constitutes an egregious abuse of the appellate process.[3]

He filed three motions for articulation in the trial court. One of the motions for articulation concerned Judge Vertefeuille's order discharging the fourth notice of lis pendens. Because the appeal did not concern that order, but instead concerned Judge Levin's order discharging the fifth notice of lis pendens, the motion for articulation directed to Judge Vertefeuille was improper pursuant to Practice Book § 4051.

He sought untimely appellate review under Practice Book § 4054, resulting in the filing of a motion for per-

[3] We do not consider, but note, that after the June 5, 1996 hearing on the defendant's motion for sanctions, Timbers filed an improper motion, requesting that this court consider a substitute memorandum in opposition to the motion for sanctions that included thirteen appendices equaling approximately thirty-eight pages of additional arguments, even though he already had filed a memorandum in opposition before oral argument.

mission to file a late motion for review. He failed to file a timely memorandum in opposition to the defendant's previous motion for sanctions in violation of Practice Book § 4041 (a), resulting in a motion for permission to file an untimely memorandum in opposition. He failed to file a timely memorandum in opposition to the defendant's motion to dismiss and for sanctions in violation of Practice Book § 4041 (a), resulting in a motion for permission to file an untimely memorandum in opposition and a motion for permission to file a substitute memorandum in opposition.

He failed to file a timely appellants' brief, resulting in six requests for extensions; he failed to file the requisite number of copies of the appellants' brief in violation of Practice Book § 4070; he filed a motion for permission to file a substitute appellants' brief, after having finally filed a brief.

These actions reveal that the majority of motions and filings submitted in this court by Timbers on behalf of the plaintiffs became necessary only as a result of Timbers' delinquent behavior. During the sanctions hearing, Timbers explained that because he is a sole practitioner, it is difficult for him to comply with the rules of practice with respect to deadlines and copy requirements. While the demands of appellate practice may be more onerous for a sole practitioner, this court bears the responsibility of processing cases in an orderly and expeditious manner. See *In the Matter of Presnick*, supra, 19 Conn. App. 351. "Disciplinary proceedings not only concern the rights of the lawyer and the client, but also the rights of the public and the rights of the judiciary to ensure that lawyers uphold their unique position as officers and commissioners of the court. . . . An attorney must conduct himself or herself in a manner that comports with the proper functioning of the judicial system." (Citations omitted.) Id., 345.

There is a recurring pattern of abuse of the judicial process exhibited by Timbers. In *CFM of Connecticut v. Chowdhury*, 38 Conn. App. 745, 745 n.1, 662 A.2d 1340, cert. granted on cross appeal, 235 Conn. 933, 667 A.2d 1270 (1995), this court dismissed a portion of Timbers' client's appeal as untimely under Practice Book § 4009. We dismissed the remaining portion of the appeal because of Timbers' failure to file a timely appellant's brief that complied with the rules of practice. The *Chowdhury* case concerns sanctions ordered by the trial court against Timbers and his client for bad faith pleading. Id., 746.

We conclude that Timbers' actions in this appeal, when viewed against the backdrop of the untimely prior appeal, and five notices of lis pendens all involving the same alleged cause of action and the same real estate, warrant the imposition of sanctions. Because the defendant's counsel has continuously faced the burden of responding to Timbers' numerous filings and violations of the rules of practice, thus increasing the cost to the defendant of defending this appeal, we order Timbers to pay to the defendant's counsel, Green and Gross, attorney's fees in the amount of $1000 and reimbursement of costs in the amount of $324.69, for a total of $1324.69, within thirty days of the issuance of this order.[4] In order to protect this court, and the litigants who appear in this court; see *In the Matter of Presnick*, supra, 19 Conn. App. 350; we sua sponte order that Timbers be prohibited henceforth from filing any papers in this court and from making an appearance in this court for a period of six months. After that period, and upon proof provided to the office of the chief clerk that payment of the $1324.69 was made within thirty days,

[4] The defendant's counsel submitted an affidavit representing that the defendant had incurred $13,910 in legal fees and $324.69 in costs in defending this appeal.

Timbers may resume practice before this court if he is otherwise qualified to practice law in the courts of this state.

In this opinion the other judges concurred.