[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Rosen Realty, brought this action on January 11, 1996, against the defendants, Juliette Graham and Bridals of Paris, Inc., to collect rent and late charges due under a lease on commercial property in Orange. A hearing on the merits was scheduled for December 13, 1996, at which time a continuance was granted at the request of the defendant due to a change in counsel and the filing of an amended complaint with a counterclaim. The plaintiff, at that time, had allegedly incurred the expense of traveling from Florida for the sole purpose of the trial and had not been notified by the defendant's counsel that a continuance would be requested.
On January 15, in response to the newly filed counterclaim, the plaintiff made a request for production of certain documents. The defendant made no response to this request within the thirty days required by Practice Book § 228. The plaintiff then filed, on February 17, a motion for default for non-compliance with discovery pursuant to Practice Book § 231, seeking additional sanctions, including fees and reasonable attorney's fees. This motion was set down for a hearing on March 27. After the close of business on March 26, the defendant delivered the requested documents to the plaintiff. The plaintiff appeared before this court the following day pursuing its request for sanctions against the defendant for non-compliance.
Practice Book § 231 provides in part, "[i]f any party has failed . . . to respond to requests for production . . . the court may, on motion, make such order as the ends of justice requires."
"The appropriateness of a sanction is within the discretion of the court. . . . Factors to be considered in determining an appropriate sanction are (1) the cause of the [party's] failure to respond . . . that is, whether it is due to the inability rather than the willfulness, bad faith or fault of the deponent . . . (2) CT Page 2489 the degree of prejudice suffered by the opposing party, which in turn may depend on the importance of the information requested to that party's case; and (3) which of the available sanctions would, under the particular circumstances, be an appropriate response to the disobedient party's conduct." (Citations omitted; internal quotation marks omitted.) Velazquez v. Marine Midland AutomotiveFinancial Corp., 24 Conn. App. 455, 459, 590 A.2d 116 (1991).
"The remedies available under 231 include default as to liability, and preclusion of evidence. Another remedy is an award of costs to the party seeking to enforce the discovery order. The award of costs may include a reasonable attorney's fee." SheltonCanal v. Derby Board of Tax Review, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 39655 (Aug. 18, 1993, Jones, J.). In Debenedetto v. United Illuminating Co.,
Superior Court, judicial district of New Haven, Docket No. 319182 (Aug. 3, 1994, Hartmere, J.), the court denied the defendant's motion for judgment of dismissal because the plaintiff's non-compliance had not created any irreparable prejudice to the defendant, but did award the defendant the costs of bringing the motion to compel compliance and attorney's fees.
A situation somewhat similar to the present case was before then Judge Berdon in Met-Chem International Corp. v. Hartford FireInsurance Co., Superior Court, judicial district of New Haven, No. 309206 (August 22, 1991). The defendant had failed to comply with discovery requests, and defense counsel had generally "stonewalled" the plaintiff's counsel in his discovery attempts. On the day the motion to compel was heard, the defendant represented that compliance would be in the mail that day. Though the party had eventually complied with the request, the court said that "[j]ustice . . . requires that the defendant pay for additional reasonable counsel fees incurred to pursue this discovery." Id.
Here, however, the defendant did not fail to comply with discovery but waited until the eleventh hour to do so. For that reason, a sanction pursuant to Practice Book § 231 is inappropriate. Nonetheless, I am not unaware that the defendant's attorney maintains his office only a block away from the courthouse, whereas the plaintiff is represented by counsel whose office is in another, albeit nearby, town. It is therefore convenient for the defendant's attorney to come to court, even on short notice; not so the plaintiff's attorney. CT Page 2490
"There are three possible sources for the authority of courts to sanction counsel and pro se parties. These are inherent power, statutory power, and the power conferred by published rules of the court. The power of a court to manage its dockets and cases by the imposition of sanctions to prevent undue delays in the disposition of pending cases is of ancient origin, having its roots in judgments . . . entered at common law . . . and dismissals . . . . That power may be expressly recognized by rule or statute but: it exists independently of either and arises because of the control that must necessarily be vested in courts in order for them to be able to manage their own affairs so as to achieve an orderly and expeditious disposition of cases. . . Simply stated, [t]he inherent powers of . . . courts are those which are necessary to the exercise of all others. . . ." (Citations and internal quotation marks omitted.) Feuerman v.Feuerman, 39 Conn. App. 775, 777, 667 A.2d 802 (1995).
The record does not yet sufficiently manifest a pattern by defendant's counsel of "stonewalling". Should such a pattern become evident, the court will take appropriate remedial action. For now, however, the motion for default must be and is denied.
BY THE COURT
Bruce L. Levin Judge of the Superior Court