[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO REOPEN JUDGMENT OF DISMISSAL
This matter comes to this court on a motion to reopen judgment of dismissal entered on June 12, 1998, which motion was filed on August 3, 1998, which was within the four months limited by § 17-4 of the Conn. Practice Book and § 52-212a of the Connecticut General Statutes. CT Page 14870
Both defendants oppose this motion on the ground that inasmuch as the judgment took the form of a dismissal, the only remedy available to the plaintiff was to appeal that judgment. Defendants further argue that § 17-4 is inapplicable to judgments of dismissal inasmuch as it now lacks subject matter jurisdiction over the case.
The court disagrees with these positions. Courts have an inherent power to open, correct and modify judgments no matter what their form. Steve Viglione Sheet Metal Co. v. Sakonchick,190 Conn. 707, 710 (1983) (internal citations omitted). The only limitation on this inherent authority is temporal — such motions must be filed within four months of the rendering of the judgment in question. See, Sec. 52-212a CGS, PB sec. 17-4 and CFM, Inc. v.Chowdhury, 38 Conn. App. 745, 748 (1995), 38 Conn. App. 745, 748
(1995).
This motion having been presented in timely fashion, the only question remaining is whether or not it ought to be granted. This issue is left to the sound discretion of the court. SteveViglione Sheet Metal Co. v. Sakonchick, supra, 710-711.
In the instant case, as observed by plaintiff's counsel, the procedural defect and cause for the dismissal (improper pro se
representation of an estate by the a lay person) has now been cured and plaintiff's attorney has represented under oath that a claim exists. This representation remains uncontroverted. Therefore, this court finds such representations sufficient to support plaintiff's motion to reopen the judgment especially in the absence of any undue prejudice demonstrated by the defendants.
Accordingly, this court hereby exercises its inherent power to open this judgment of dismissal. The plaintiff's motion to reopen, is hereby GRANTED.
MELVILLE, J.