[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER RE: DEFENDANT'S MOTION TO OPEN AND SET ASIDE JUDGMENT BASED UPON FRAUD of PLAINTIFF PURSUANT TO CONNECTICUT PRACTICE BOOK SECTION 17-4 AND CGS SEC. 52-212a (#124)
Judgment for the plaintiff was entered in accordance with the Memorandum of Decision of the court, Higgins, J., on October 27, 1997. The instant motion was filed on November 16, 1998, significantly more than four months from the date of judgment. CT Page 3631
The instant motion is untimely. Additionally, this court can find no evidence that the parties waived the time limitation set forth in General Statutes § 52-212a. As a result, this court "is without jurisdiction to entertain the motion." CFM ofConnecticut v. Chowdhury, 38 Conn. App. 745, 748, 662 A.2d 13
(1995), aff'd 239 Conn. 375, 685 A.2d 1108 (1996); see also General Statutes § 52-212a; Practice Book § 17-4.
Accordingly, the defendants motion (#124) is hereby ordered denied. It is so ordered.
BY THE COURT: ARENA, J.
 ORDER RE: PLAINTIFF'S MOTION FOR SANCTIONS (POST JUDGMENT) (#127)
ARENA, JUDGE.
The plaintiff claims that sanctions are warranted and asks that this court order the defendant to pay the plaintiff's costs and attorneys fees incurred in connection with the defendant's Motion to Open (#124) and Motion to Strike (#125). The plaintiff claims that these motions are frivolous, lack any good faith basis and were filed merely for the purpose of delay.
This court cannot conclude that the aforementioned motions lack a good faith basis. The defendant is, however, admonished to adhere to the rules of practice set forth in the Connecticut Practice Book.
The plaintiff's Motion for Sanctions (#127) is hereby ordered denied.
It is so ordered.
BY THE COURT: ARENA, J.
 ORDER RE: DEFENDANT'S MOTION TO STRIKE FOR FAILURE TO JOIN AN INDISPENSABLE PARTY (#125)
ARENA, JUDGE. CT Page 3632
The instant motion was filed on November 18, 1998, more than one year after judgment entered in this case.
"[T]he exclusive remedy for nonjoinder of parties is by motion to strike." Practice Book § 11-3; see also Practice Book § 10-39(a)(3).
Practice Book § 10-6 and § 10-7 specify that a defendant must file any motion to strike prior to filing an answer or the opportunity to file a motion to strike is waived.
The defendant filed his answer (#103) on September 14, 1995. By doing so, the defendant waived his right to file any motion to strike thereafter.
Accordingly, the defendant's Motion to Strike (#125) is hereby ordered denied.
It is so ordered.
BY THE COURT: ARENA, J.