[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has filed a request to revise the defendants answer to the complaint. The defendants, in turn, have moved to strike that request to revise as well as the plaintiff's reply to their special defenses. They argue that the request to revise on the ground that it was filed simultaneously with, and attached to, the plaintiffs general reply and his reply to the defendants' separate special defenses in contravention of the order of pleadings in accordance with §§ 10-6 through 10-7 of the Practice Book. The defendants further argue that the court should strike the plaintiffs general reply on the ground that it does not conform, either in its form or substance, to the requirements of §§ 10-1 and 10-48. They also ask the court to sanction the plaintiff, a pro se litigant, whom the defendants argue is a CT Page 15598 licensed attorney in Connecticut, for alleged improper and frivolous conduct in connection with the present litigation.
The plaintiff, in his response to the motion to strike, does not address the issue of simultaneously filing the request to revise with his other pleadings. Instead, he argues that filing the general reply violated no procedural rules because the reply was simply a summation of what the plaintiff referred to as "undisputed facts of [the] case." (Plaintiffs memorandum, p. 2.). He further asserts that the defendants' motion to sanction the plaintiff is itself frivolous and unwarranted.
To reiterate, the request to revise was filed simultaneously with the general reply and reply to the defendants' separate special defenses. Therefore, the plaintiff waived his right to file the request to revise pursuant to § 10-6 which requires that a plaintiff to file a request to revise prior to a reply to special defenses. However, the court has the "discretion to overlook the simultaneous filing of the [pleadings]. . . ." Sabinov. Ruffolo, 19 Conn. App. 402, 405 (1989) (motion to dismiss filed simultaneously with a motion to strike); see also Zimmermanv. Connecticut College, Superior Court, judicial district of New London, Docket No. 544623 (July 2, 1998, Handy, J.) ("motion to strike, or, in the alternative, to dismiss"); King v. Cummings Lockwood, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 144937 January 15, 1997, D'Andrea, J.) (request to revise one special defense and motion to strike another). While the court has discretion to overlook the simultaneous filing of pleadings, it declines to do so and the request to revise is, accordingly, denied.[1]
The plaintiff argues, in as much as can be discerned by the court, that his general reply to the defendant's special defenses is consistent with "the procedural due process expressed in Practice Book Section 10-48." (Plaintiffs memorandum, p. 3.) He further argues that if the general reply is deficient in some manner or fails to "fully disclose the ground of claim or defense [the Court] may order a more particular statement . . ." pursuant to Practice Book § 10-1. (Plaintiffs memorandum, p. 3.).
Section 10-56 of the Practice Book does permit a plaintiff to respond to the defendants' special defenses with a general reply. However, the general reply at issue here resembles, in both form and substance, a memorandum of law rather than a pleading. The general reply is argumentative and replete with conclusions of CT Page 15599 law and fact having a tenuous connection with the substance of the defendant's special defenses. It is not "plain and concise" nor does it contain "direct, precise and specific" language as required by §§ 10-1 and 10-48. Therefore, the court orders the plaintiff to revise the reply to conform with §§ 10-1 and 10-48
of the Practice Book.
The defendants finally argue that the court should sanction the plaintiff, whom they argue is a licensed attorney in Connecticut, on the ground that the plaintiff has frivolously filed motions and wasted both the defendants' and the court's time. Additionally, the defendants argue the plaintiff should be sanctioned because, as an attorney, the plaintiff should be familiar with the rules of procedure that he has seriously contravened. The defendants further argue that absent court imposed sanctions, the plaintiffs alleged frivolous conduct and procedural violations will continue.
A court has the "inherent power . . . to provide for the imposition of reasonable sanctions to compel observance of its rules. . . ." (Citations omitted; internal quotation marks omitted.)Burton v. Planning Commission, 209 Conn. 609, 616 (1989). It is well settled law in Connecticut that the determination of whether to impose sanctions "is a matter within the sound discretion of the [trial] court." Associated Investment Co. v. WilliamsAssociates, 230 Conn. 148, 163, 645 A.2d 505 (1994). Both attorneys and pro se litigants are subject to discipline and sanctions by the court for, inter alia, frivolous conduct and their failure to comply with the rules of practice. See Cawley v.Schochat, 21 Conn. App. 118, 121 (1990); see also Srager v.Koenig, 42 Conn. App. 617, 620, 681 A.2d 323, cert denied,239 Conn. 935, 684 A.2d 709 (1996). However, "[the] practice of law is . . . a profession the main purpose of which is to aid in the doing of justice. . . . An attorney as an officer of the court is continually accountable to [the court] for the manner in which he exercises the privilege [practicing law]. . . . This unique position [attorneys hold] as officers and commissioners of the court . . . casts attorneys in a special relationship with the judiciary. . . ." (Citations omitted; internal quotation marks omitted.) Srager v. Koenig, supra, 619-20. Conversely, "it is the established policy of the Connecticut courts to be solicitous of pro se litigants and when it does not interfere with the rightsof other parties to construe the rules of practice liberally in favor of the pro se party." (Emphasis in original.) Rosato v.Rosato, 53 Conn. App. 387, 390 (1999); see also ConservationCT Page 15600Commission v. Price, 193 Conn. 414, 434 (1984).
A review of the "role of attorneys" by the statewide grievance committee and of both the certified "role of attorneys" and "index of attorneys" by the clerk of the Superior Court for the judicial district of Hartford, yielded no evidence that the plaintiff, Toufic K. Shartouni, is or has ever been, a licensed attorney in Connecticut. The defendants have submitted no proof to that effect.
This court finds that the special relationship between attorneys and the court imposes a greater expectation on attorneys, than on non-attorney pro se litigants whom the courts accord greater latitude, to comply with the letter and spirit of the rules of practice. Therefore, given the court's power of discretion in determining whether to impose sanctions, and the fact that the plaintiff is a non-attorney pro se litigant, the defendants' motion for sanctions is, accordingly, denied.
Moraghan, J.