[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SANCTIONS #109
On May 23, 2001 the plaintiff, B.H. Drilling, Inc., filed a mechanics lien certificate on property owned by the defendant, R.S. Associates, Inc. The lien certificate claimed that the defendant owed the plaintiff $21,989 for services provided by the plaintiff to the defendant in connection with the development by the defendant of a real estate subdivision. On May 29, 2001 the defendant filed a civil action seeking to dissolve the mechanics lien and to substitute a bond therefore. A hearing was held on June 12, 2001 on the application to dissolve the mechanic's lien. On June 18, 2001 the court, Moran, J. ordered that the mechanics lien be dissolved and that a bond in the amount of $25,000, secured by a passbook savings account, be substituted in lieu of the mechanics lien.[1]
On October 5, 2001 the plaintiff filed this action to recover the sums claimed owed. The complaint is in five counts. In count one, the plaintiff seeks $21,989 for the services rendered. In count two, the plaintiff claims unjust enrichment. Count three alleges that the defendant did not intend to pay and, as such, he had the use of the plaintiff's money, in violation of the Connecticut Unfair Trade Practices Act.[2]
Count four alleges that the nonpayment was willful, wanton and malicious and in reckless disregard of the plaintiff's right to be paid. In count five the plaintiff seeks recovery of the $25,000 bond posted by the defendant.
On October 11, 2001 the plaintiff filed a notice of lis pendens on the same property of the defendant which was the subject of the mechanics lien previously ordered dissolved by the court. The body of the lis pendens explicitly states that it serves as notice of a civil action involving suit on a bond which was substituted for a mechanics lien. When the plaintiff failed to release the lien, after requests by the defendant to do so, the defendant filed a motion for sanctions requesting an order releasing the lis pendens, sanctions against counsel for the plaintiff for filing, and not releasing, the lis pendens and $1500 attorney's fees. The plaintiff opposes the motion, arguing that the lis pendens is necessary to secure the judgment which may exceed the $25,000 bond.
 I
General Statutes § 52-325 (a) provides, in part, "[i]n any action in a court of this state. ., the plaintiff or his attorney, at the time the action is commenced or afterwards, . . . if the action is intended toaffect real property, may cause to be recorded in the office of the town clerk . ., a notice of lis pendens . . ." (Emphasis added.). The statute continues, "[a]s used in this section, actions "intended to affect real property" means (1) actions whose object and purpose is to determine the title or rights of the parties in, to, under or over some particular real CT Page 3254 property; (2) actions whose object and purpose is to establish or enforce previously acquired interests in real property; (3) actions which may affect in any manner the title to or interest in real property, notwithstanding the main purpose of the action may be other than to affect the title of such real property." "From the face of the statute it is clear that a notice of lis pendens is appropriate only where the pending action will in some day, either directly or indirectly, affect the title to or an interest in the real property itself." Garcia v. BrooksStreet Associates, 209 Conn. 15, 22, 546 A.2d 275 (1988); FirstConstitution Bank v. Harbor Village Ltd., 37 Conn. App. 698, 703,657 A.2d 1110, cert. denied, 235 Conn. 902, 665 A.2d 901 (1995) None of the allegations contained in the complaint involves a determination of title or rights to property, enforcement or establishment of an interest in property or in any manner affects the title to the defendant's property. A review of the ad damnum clause of the complaint reveals that the plaintiff is seeking money damages, punitive damages and attorney's fees. Title to, or an interest in, the defendant's property is not an issue in this action.
The defendant has moved to discharge the lis pendens. General Statutes § 52-325d provides that a court may enter an order declaring that a lis pendens is invalid and discharged if "a notice of lis pendens was recorded which is not intended to affect real property."[3] The plaintiff opposes the discharge, claiming that the lis pendens is necessary to secure the judgment which may exceed the value of the $25,000 bond. It is clear that the purpose of the plaintiff's action is to recover damages, based on a claimed debt for work performed. As the action has nothing to do with title to, or an interest in, real property, the court orders that the lis pendens is invalid and discharged.
 II
The defendant also seeks two "punitive" orders, one Imposing monetary sanctions on plaintiff's counsel for filing and refusing to release the lis pendens, and the other awarding $1500 counsel fees to defendant's counsel for bringing this motion.
"It is an inherent power of the court to discipline members of the bar, and to provide for the imposition of reasonable sanctions to compel the observance of its rules. . . . The practice of law is . . . a profession the main purpose of which is to aid in the doing of justice. . . . An attorney as an officer of the court in the administration of justice, is continually accountable to it for the manner in which he exercises the privilege that has been accorded him. This unique position as officers and commissioners of the court . . . CT Page 3255 casts attorneys in a special relationship with the judiciary and subjects them to its discipline. (Citations omitted; internal quotation marks omitted.) Srager v. Koenig, 42 Conn. App. 617,619-20, 681 A.2d 323, cert. denied, 239 Conn. 935,936, 684 A.2d 709 (1996).
Whether the court decides to impose a monetary sanction on counsel for the plaintiff or to award counsel fees to counsel for the defendant is up to the discretion of the court. Plaintiff's counsel did not technically break a rule of court or fail to follow a statute or order of the court. The court will not, therefore, impose any sanctions or counsel fees.
The Court
By Moran, J.